No. 54,629

STATE OF KANSAS, *Appellee,* v. HERBERT DOUGLAS, JR., *Appellant.*

(675 P 2d 358)

Opinion filed January 13, 1984.

*Howard Washburn,* of Kansas City, was on the brief for appellant.

*Mary Ann Slattery,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with her on the briefs for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the defendant, Herbert Douglas, Jr., from his conviction by a jury in Wyandotte District Court of aggravated battery, K.S.A. 21-3414. The appeal was initially heard by the Court of Appeals, which, in a published opinion, reversed the conviction. *State v. Douglas,* 8 Kan. App. 2d 754, 667 P.2d 898 (1983). We granted the State's petition for review.

The facts are stated at length in the Court of Appeals opinion, and we will not fully state them here, but may add some additional facts disclosed by the record. The crime allegedly occurred at about 12:45 o'clock a.m., on December 3, 1981. At the pretrial conference conducted on December 30, 1981, defendant gave notice that he would rely upon the defense of alibi, and he supplied the names of three alibi witnesses: Reuben Thurman, Debra Green and George Suttington. The pretrial order shows that the prosecution's file was open for inspection by defendant's counsel, and that the defendant's counsel agreed to give the names of his witnesses to the State seven days before trial. No further names of defense witnesses were given to the State before trial commenced on February 22, 1982. Trial proceeded during that day and started again on the 23rd, but was recessed at

mid-morning until the following day since the victim did not appear. On February 24, trial continued; the victim appeared and testified, and about 11:00 o'clock that morning the State rested. At that time defense counsel asked leave to endorse the name of an additional alibi witness, Melvin Anderson, stating that the defendant had only recently learned his correct name, having previously known him only by the street name of "Sonny." Only one of the alibi witnesses, Reuben Thurman, appeared; Debra Green and George Suttington, although subpoenaed, failed to appear. Defense counsel stated that he had talked to all three of the alibi witnesses on the Sunday night before trial. Presumably, then, the defense had known of the existence of Melvin Anderson—at least by his street name— since the day before trial commenced. Still, the State was not informed of Anderson's existence until it had rested. At that time, the trial court denied the motion but offered to issue bench warrants for the two subpoenaed alibi witnesses who failed to appear. The defense did not pursue that avenue. Trial was recessed early on February 24 to allow defense counsel additional time to attempt to secure the attendance of Debra Green and George Suttington. On the following morning they failed to appear, and the defendant again sought leave to endorse the name of Melvin Anderson. We note that Melvin Anderson had been in the courtroom during the testimony of one or more of the defense witnesses, although the trial court had enforced its sequestration order, and counsel had been careful to keep other prospective witnesses out of the courtroom during the trial. The trial court again overruled the motion to endorse the additional witness; the defendant rested; the case was argued and submitted to the jury; and the defendant was convicted.

The State argues that the Court of Appeals relied solely upon the language of this court in *State v. Bright*, 229 Kan. 185, 194, 623 P.2d 917 (1981), and that the Court of Appeals has abandoned and in effect nullified the provisions of the alibi statute, K.S.A. 22-3218, which requires the defendant to give notice of alibi, including the names of proposed alibi witnesses, to the prosecution at least seven days before trial. We do not believe that the Court of Appeals has misapplied *Bright* or the alibi statute. We disagree only with the Court of Appeals' application of those to the facts.

*State v. Bright* did not involve the alibi statute, but was a case in which the defendant bound himself by pretrial agreement to give the State the names of defense witnesses ten days before trial. In that case, defendant did not disclose the names of *any* witnesses before trial; by the time the State rested, defendant had disclosed the name of only one witness he intended to call, but he indicated that he wished to call a number of other witnesses. The State objected to any defense witnesses, since the defendant had not complied with the pretrial order. The trial court limited the defendant to three witnesses. We held that the trial court's action did not constitute reversible error, but we did lay down rules for the future guidance of trial courts in cases where defendant has agreed to disclose witnesses, has not done so, and then seeks to call them at trial. We said:

"If a defendant has been required by pretrial or discovery order to disclose defense witnesses prior to trial and fails to do so, and attempts to call a witness or witnesses not disclosed, then in ruling on prosecution objections the trial court should:

(1) Inquire why the witness or witnesses were not disclosed;

(2) determine when the witness first became known to defense counsel, and whether the nondisclosure was willful or inadvertent;

(3) determine whether the proposed testimony is trivial or substantial, whether it goes to an important or minor issue;

(4) determine the extent of prejudice to the State, and the importance of the witness to the defense;

(5) determine any other relevant facts;

(6) grant the State a recess if prejudice can be avoided or reduced by such action; and

(7) avoid imposing the severe sanction of prohibiting the calling of the witness if at all possible. This should be viewed as a last resort." 229 Kan. at 194.

The State takes the position that disclosure of alibi witnesses seven days before trial is mandatory under K.S.A. 22-3218. It apparently overlooks the second paragraph of that statute, which reads in part:

"(2) On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information."

The alibi statute requires a trial judge deciding whether to allow late endorsement of an alibi witness to exercise the same discretion he must exercise when deciding whether to allow late

endorsement of a prosecution witness on the information. This is the same discretion that the trial court must exercise when the defense has agreed but has failed to disclose defense witnesses prior to trial and then seeks to endorse additional witnesses. As a result, the rationale of *Bright* applies when the endorsement of additional alibi witnesses is sought.

A review of the whole record in this case shows that the defendant gave the State notice that he intended to rely upon the defense of alibi some fifty days prior to trial, and that the names of three witnesses were then disclosed. It is also clear that long before the State rested, the defendant was aware of the additional witness, Melvin Anderson, and for some reason did not notify the State of his existence until the State had rested upon the third day of trial. The trial court offered to issue bench warrants for the two alibi witnesses who failed to appear, but the defendant declined that assistance. The trial court recessed early one afternoon in order to give defendant a chance to contact the other two alibi witnesses and secure their appearances. Under all of the circumstances, we cannot say that the trial court abused its discretion in denying the defendant's motion to endorse the additional alibi witness.

Defendant next contends that the trial court heard testimony from the victim outside of the defendant's presence. The record discloses that the victim was cited for contempt and, in response to that citation, he testified before the court in chambers with the prosecutor and defense counsel present. His testimony, given before the court out of defendant's presence, was not evidence in the trial of this case, but was the witness's defense to the accusation filed against him. This defendant had no constitutional right to be present at the witness's contempt hearing. This issue is without merit.

Defendant next contends that the trial court failed "to give counsel an opportunity to argue position the due process argument." [*sic*] This claim is not made clear in the brief, defense counsel did not appear to argue the matter and further enlighten this court, and no facts are set forth in the brief, nor are we able to find any in the record, to support this claim of error.

Next, defendant claims error in "court admonition to counsel that defendant not know of a witnesses testimony." [*sic*] Again, the issue is not clear, and we find no facts disclosed in the briefs

upon which this claim of error is based. Counsel may be discussing the testimony of the victim upon the accusation in contempt filed against him; but as we have previously noted, that proceeding does not constitute a part of the trial of this defendant. We find no error.

Next, defendant complains of the trial court's failure to grant a continuance, but fails to cite any portion of the record in which such failure allegedly occurred. We note that the trial court granted one or more continuances to defendant, and apparently accommodated counsel by taking appropriate recesses so that he could interview witnesses before they testified. We are unable to find anything in the record to support this claim of error.

Finally, defendant contends that he has a constitutional and statutory right to appear and defend, but he fails to cite any portion of the record in which he was excluded from the courtroom, with the exception of the hearing on the charge of contempt leveled at the victim. We have already disposed of that claim of error.

We find no reversible error. The opinion of the Court of Appeals reversing the conviction is reversed, and the order of the trial court is affirmed.