**Thomas Edward GIRARDIN, Plaintiff,**

v.

**Ernest PYLE, Defendant.**

No. 90–C–1123.

United States District Court,
D. Colorado.

Dec. 13, 1990.

E. Ronald Beeks, Evergreen, Colo., for plaintiff.

Charles Howe, Asst. Atty. Gen., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Petitioner Edward Girardin has filed a petition for writ of habeas corpus and has requested a hearing. He was convicted in the District Court for Jefferson County, Colorado, of attempted first-degree murder, first-degree burglary, second-degree assault and other crimes. Presently he is serving a forty-year sentence at the Colorado Department of Corrections' Arkansas Valley Correctional Facility (AVCF). Respondent Ernest Pyle, the acting superintendent of AVCF, opposes the petition.

The parties have briefed the issues and oral argument would not materially assist the decision process. Pursuant to 28 U.S.C. § 2254, the petitioner alleges two grounds for his writ application: First, that the state trial court's prohibition of certain cross-examination violated his Sixth Amendment Confrontation Clause rights; second, that the trial court's failure to cure the prosecutor's misstatements of fact in closing argument violated his due process rights.

Respondent replies that the petitioner technically has not exhausted available state remedies for his due process claim. Respondent does not, however, assert the nonexhaustion defense, but urges the court to address the petition's merits, arguing that the petitioner's Constitutional rights have not been violated.

■■■ I first address the exhaustion issue. The habeas petition here technically could be characterized as a mixed petition subject to dismissal under *Rose v. Lundy*,

455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion rule, however, is not jurisdictional. *Strickland v. Washington*, 466 U.S. 668, 679, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) (*citing Rose*, 455 U.S. at 515–20, 102 S.Ct. at 1201–04). Federal courts may address petitions containing unexhausted but nonmeritorious claims when to do so serves the interests of both the courts and the parties. *Granberry v. Greer*, 481 U.S. 129, 134–36, 107 S.Ct. 1671, 1675–76, 95 L.Ed.2d 119 (1987). The futility of requiring further state proceedings highlights the need for prompt federal action. *Id.; Marino v. Ragen*, 332 U.S. 561, 564, 68 S.Ct. 240, 242, 92 L.Ed. 170 (1947). Present consideration of the claims here serves the interests of all concerned.[1]

### I. Confrontation Clause Claim.

█ Petitioner asserts that his Sixth Amendment Confrontation Clause rights were violated by the trial court's prohibition of certain cross-examination. One theory of defense was that the victim, the petitioner's wife, had been attacked by a social acquaintance but that she accused the petitioner to gain an advantage in pending child custody and property settlement proceedings. (*See* Petition pp. 1–2). On cross-examination of the victim, the trial court sustained relevancy objections to the petitioner's questions that were designed to elicit testimony in support of this theory. (Tr.Vol. IV at 113–14). These objections were sustained because the petitioner could offer no proof on the existence of either the alleged acquaintances or of any conflict between them and the victim. (Tr.Vol IV at 128).

█ The primary purpose of the confrontation clause is to secure for a defendant the opportunity of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974). Cross-examination is designed to allow an

opponent to test the perception and memory of the witness and to expose witness bias. *Id.* 415 U.S. at 316, 94 S.Ct. at 1110. The confrontation clause, however, does not prevent a trial judge from imposing limits on defense counsel's inquiry. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). On the contrary, trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns of harassment, prejudice, confusion of the issues or interrogation that is only marginally relevant. *Id.* A violation of the confrontation clause is stated by a showing that the defendant was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of witness bias. *Id.* 475 U.S. at 680, 106 S.Ct. at 1435. Federal habeas relief based on state court evidentiary rulings is granted only when such a prohibition renders the trial fundamentally unfair. *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir.1989).

The trial court's evidentiary ruling here was not Constitutionally defective. Responding to the trial court's question whether the petitioner's counsel had any facts to support his theory, counsel stated:

"If I can't ask the question, *I have no idea whether she was seeing somebody at this point,* so if she said that she had been seeing somebody, then I suppose we could explore that. If she denies seeing anybody, then I suppose that might end the matter.... Your Honor, although *we have no clear evidence,* we do have the name of somebody that she may have been seeing at that time on some basis." (Tr. Vol. IV, p. 128) (emphasis added).

These statements show that the petitioner could offer no proof to support his theory. One may not ethically base cross-examination on mere speculation. A question on

---

**1.** The prosecutorial misconduct claims presented in state court and here are identical, except that the instant claim is postured in Constitutional due process terms. (*Compare* Petitioner's brief for Colorado Court of Appeals pp. 9–14, *with* petitioner's federal court petition pp. 3–8.) The state court of appeals held that the alleged

misconduct did not constitute reversible error and the Colorado Supreme Court denied certiorari. There is no reason to suppose that either of those courts would decide the issue differently if again faced with it. Therefore, requiring state court reconsideration of this matter would be futile.

cross-examination that implies a fact may not be asked unless the attorney asking it has some credible evidence to establish that fact. If counsel had "no idea whether she was seeing somebody at this point," as he stated, the question was improper. Nothing in the record demonstrates that the petitioner otherwise was not allowed fully to cross-examine the victim as to her memory and perception or possible bias.

Further, the petitioner's argument that *Olden v. Kentucky,* 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) mandates a grant of relief is erroneous. The *Olden* defendant's confrontation clause rights were violated by the court's refusal to allow cross-examination about a third party that may have established the victim's motivation to lie. Clear proof that the victim had a relationship with that third party existed. Here, as noted, the petitioner was denied no opportunity to establish such a motivation. Moreover, the petitioner's questions were prohibited because he had no credible proof that the alleged relationship ever existed. For these reasons, I conclude that the trial court properly limited the scope of cross-examination and, therefore, that the petitioner's Sixth Amendment Confrontation Clause rights were not violated.

## II. Due Process Claim.

Petitioner contends that the trial court violated his due process rights by allowing the prosecutor to misstate two facts in closing argument. Respondent concedes that the prosecutor misstated facts, but argues that neither the misstatements nor the court's responses to them denied the petitioner due process.

The first misstatement concerned the testimony of Robbyn Martin, one of the petitioner's alibi witnesses. Ms. Martin testified that she remembered the date of a particular event that allegedly provided the petitioner an alibi because that date was the anniversary of her first marriage. She further testified that she was able to recall the petitioner's attendance at this event when some months later she rearranged her furniture to the way it was situated on

that date. (Tr.Vol. II, pp. 181, 191). In closing argument, the prosecutor stated, "[a]nd Robbyn Martin tells you she remembers this because it was the date of her first wedding anniversary, and it was also the date she rearranged her furniture." (Tr.Vol. II, p. 381). Petitioner's counsel then interrupted argument and corrected the misstatement. *Id.* The court instructed the jury that, "it is up to your collective memory to recall the testimony in this case." *Id.*

The second misstatement concerned the struggle between the victim and her assailant. The victim testified that she had tried to scratch her assailant's face, that she thought she had done so but she did not remember if she had broken his skin or not. (Tr. Vol. IV, pp. 69–70, 77, 122–23). Several witnesses testified that the petitioner's face appeared to have no scratch marks on the day after the attack. In closing, the prosecutor argued:

> "Well, the testimony has been that [the victim] said she tried to scratch him, she thought she scratched him, she might have scratched him. She said she wasn't concentrating on exactly what she was doing in the middle of this attack, and *she said she's sure she didn't break the skin.*" (Tr.Vol. II, p. 388) (emphasis added).

The court overruled the petitioner's objection and instructed the jury:

> "Ladies and gentlemen, again you must rely upon your own remembrance and the collective memories of each of you of what the evidence shows. No one here is attempting to mislead you. The attorneys to the best of their abilities are recounting to you the evidence and their interpretations of it and the inferences they are asking you to draw. Both of them have done it, and both of them are entitled to do it, but you, in the final analysis, must rely upon your memories as to what has or has not been proven in this case, and what are or [are] not the facts of this case." (Tr.Vol. II, p. 388).

The court similarly instructed the jury on four other occasions during the prosecu-

tor's closing. (*See* Tr.Vol. II, p. 354, 380, 381, 383).

The habeas corpus standard of review for a claim of prosecutorial misconduct "is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986). The touchstone of the due process analysis is the fairness of the trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982). Thus, the controlling question is whether the prosecutor's statements were so egregious as to render the entire trial fundamentally unfair. *Id.; Soap v. Carter*, 632 F.2d 872, 876 (10th Cir.1980).

A criminal conviction is not to be lightly overturned on the basis of a prosecutor's statements alone. *United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985). Accordingly, a prosecutor's statements must be viewed "in context" to determine whether they unconstitutionally affected the trial's fairness. *Id.* This requires a court to determine: (1) whether in view of the strength of the evidence against the defendant the prosecutor's statements plausibly could have tipped the scales in favor of conviction; (2) whether curative instructions given by the trial judge adequately mitigated the effect on the jury of the improper statements; and (3) the probable effect the prosecutor's statements had on the jury's ability to judge the evidence fairly. *Hopkinson v. Shillinger*, 866 F.2d 1185, 1210 (10th Cir.1989).

The first misstatement here is so trivial it could not plausibly have affected the jury's ability fairly to weigh the evidence. Other persuasive evidence was introduced to undermine the alibi testimony. (*See* Tr. Vol. II, p. 188, 291, 296–99, 338–39). Further, it hardly can be argued that the jury was misled because the petitioner's counsel himself immediately corrected the prosecutor's misstatement. Even if some slight prejudice may have arisen the trial judge cured it by reminding the jurors that their recollection of the evidence was controlling.

The same result attaches to the second misstatement. The overwhelming weight of the evidence against the defendant cannot be conveyed within the brief confines of this opinion. The record, however, reflects it. I hold that the prosecutor's second utterance, in the context of the entire trial, could not plausibly have been the decisive factor persuading any juror to favor conviction.

Further, the trial court cured any prejudicial effect this second misstatement may have had. While a judge is the governor of the trial for the purpose of assuring its proper conduct, *Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933), he or she is not, and cannot be, the arbiter of the all factual testimony offered in evidence. The trial judge here repeatedly instructed the jurors to rely on their own memories of the evidence in finding the facts. Upon the petitioner's objection, the court went to great lengths to reinforce this requirement in the jurors' minds. The record does not reflect that the court expressly informed the jurors that argument by an attorney is not evidence. Prior to closing arguments, however, the court instructed the jury that, "[d]uring the course of the trial you received all the evidence that you may properly consider to decide the case." (*See* Jury instructions, p. 1.) The instructions, taken either singly or in combination, protected the petitioner from any adverse effect of the prosecutor's misstatement. When viewed in context, the isolated, brief statement complained of here could not unfairly have affected the jury's ability to judge the evidence. Therefore, I conclude that the petitioner's due process rights were not violated.

Accordingly, IT IS ORDERED that:

(1) the petition for writ of habeas corpus is dismissed with prejudice.

(2) the petitioner's request for an oral hearing is denied.