(811 P.2d 54)

No. 65,404

STATE OF KANSAS, *Appellee*, v. MICHAEL A. BLACKMORE, *Appellant*.

540

Opinion filed May 10, 1991.

*Thad E. Nugent,* of Overland Park, for the appellant.

*Terra D. Morehead,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., DAVIS and GERNON, JJ.

DAVIS, J.: This is a direct criminal appeal from a conviction of indecent liberties with a child (K.S.A. 21-3503). The defendant, Michael A. Blackmore, contends that the trial court erred by denying his motion for a psychiatric examination of the complaining witness and by admitting evidence of his prior conviction under K.S.A. 60-455. He further claims that the sentence imposed is illegal because it was imposed by the Board of Paroles of Wyandotte County, not a district court. We affirm the conviction, but vacate the sentence and remand for imposition of sentence by the district court.

Michael Blackmore dated and lived with J.K.B. from May or June 1987 to April or May 1988. J.K.B. has two sons, Jacob (d.o.b. 11/21/83) and Joshua. Jacob is the complaining witness.

In May 1987, J.K.B. left Jacob with her mother because she was going through a period of instability. Jacob visited his mother two days a week and on weekends.

Jacob had behavior problems which caused the grandmother to take him to the Wyandot Mental Health Center for treatment. Jacob's problematic behavior included hyperactivity, sleeplessness, bowel movements in his pants, and gagging himself at night until he vomited. Jacob also experienced an episode of rectal bleeding from a tear which his grandmother attributed to constipation.

Annette Inman, a mental health therapist at Wyandot Mental Health Center, saw Jacob 31 times between June 7, 1988, and March 1990. During this time, Jacob first told Inman that defendant "stabbed him in the butt with a knife." In later therapy sessions, Jacob said that the defendant also kissed him on the mouth, buttocks, and genital area; wrapped his mouth and hands

with strong towels; put makeup on him; and put a finger in his rectum.

A physical examination of Jacob did not reveal any physical evidence of sexual abuse. According to the nurse clinician who examined Jacob, there are no physical findings in 60-80% of children who are repeatedly sodomized and the history becomes the most important element.

The defendant was charged with one count of indecent liberties with a child, with the incident occurring between January 1, 1987, and June 31, 1988. He was convicted by a jury and sentenced by the Board of Paroles of Wyandotte County to the maximum sentence of 5 to 20 years. The Board also revoked defendant's probation on his previous conviction of aggravated indecent solicitation of a child and ordered the sentences to run consecutively.

### Psychiatric Examination

The defendant's motion for an independent psychiatric examination was based on testimony presented at the preliminary hearing. The defendant has failed to include the transcript of the preliminary hearing in the record on appeal. " 'An appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, we presume that the action of the trial court was proper.' " *State v. Gonzales*, 245 Kan. 691, 699, 783 P.2d 1239 (1989) (quoting *State v. Bright*, 229 Kan. 185, Syl. ¶ 6, 623 P.2d 917 [1981]).

Even if we were to consider the testimony offered at trial on the issue, we can find no abuse of discretion in the denial of defendant's motion.

The granting or denial of a psychiatric examination of the complaining witness in a sex crime case is within the discretion of the trial court. Its decision will not be disturbed on appeal unless it can be shown by the defendant that the trial court abused its discretion. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990).

The trial court must order such an examination if the defendant presents a compelling reason for the examination. *State v. Gregg*, 226 Kan. 481, 489, 602 P.2d 85 (1979), held that the trial court did not abuse its discretion by denying such a motion when "[n]o

facts were stated or evidence introduced as to the child's mental instability, lack of veracity, similar charges against other men proven to be false, or any other reason why this particular child should be required to submit to such an examination." 226 Kan. at 490.

Not unlike *Gregg*, the record of testimony at trial contains no evidence that the complaining witness was mentally unstable or lacked veracity. There was no evidence that the complaining witness had made similar charges against other men that were proven to be false. While the complaining witness took medication as needed for earaches and asthma, there is no showing that the medication affected his veracity or mental stability. This evidence alone supports the trial court's denial and, while defendant advances other contentions regarding the examination, it cannot be said that the trial court abused its discretion.

## Admission of Prior Conviction Under K.S.A. 60-455

The admissibility of evidence of prior crimes pursuant to K.S.A. 60-455 is within the discretion of the trial court and that decision will not be disturbed on appeal absent an abuse of discretion or unless the trial court admitted evidence that clearly had no bearing on any of the issues. *State v. Nunn*, 244 Kan. 207, 210-11, 768 P.2d 268 (1989).

In its determination of whether to admit evidence of a prior crime, the trial court must "(1) determine it is relevant to prove one of the facts specified in the statute, (2) determine the fact is a disputed, material fact, and (3) balance the probative value of the prior crime or civil wrong evidence against its tendancy to prejudice the jury." *State v. Nunn*, 244 Kan. at 211.

The defendant's prior conviction was a 1987 no contest plea to one count of aggravated indecent solicitation of a child. In this case, the defendant is charged with indecent liberties with a child. While the defendant argues that the two offenses are dissimilar, the trial court found several similarities existed between the two offenses. Suffice it to say that the evidence of record supports the conclusions of the trial court and, while a contrary finding may also be supportable, reasonable persons may differ as to this conclusion. Consequently, we conclude that there is no abuse of discretion found in the trial court's conclusion that the offenses are similar.

Our consideration of the *Nunn* factors supports the conclusion that the trial court did not abuse its discretion. The victim said that the defendant sexually abused him. The defendant, although he did not testify, denied the allegation and attempted to point to others who could have committed the crime. Under K.S.A. 60-455, identity was a disputed, material fact providing a basis for admission of the prior crime to prove identity. Thus, the first two factors of *Nunn* are satisfied.

Consideration of the third *Nunn* factor involves weighing the probative value of the evidence offered against its tendency to prejudice the jury. "If the potentiality of the natural bias and prejudice overbalances the contribution to the rational development of the case, the evidence must be barred." *State v. Bly*, 215 Kan. 168, 175, 523 P.2d 397 (1974). The admission of a prior conviction in this case, as well as in most cases, would tend to prejudice the defendant. The admission in this case related to a disputed, material fact and contributed to the rational development of the case. The decision of the trial court will not be set aside unless it abused its discretion. While this presents a close question, we believe that reasonable persons may disagree on the admission of the defendant's prior conviction. Thus, the trial court's conclusion that the probative value of the prior conviction outweighed the prejudice of admission is not an abuse of discretion.

### Sentencing by the Wyandotte County Board of Paroles

The facts regarding this assignment of error are not in dispute. Both parties acknowledge that the defendant appeared before the Wyandotte County Board of Paroles, composed of three district court judges, for sentencing. The transcript of sentencing is entitled "Transcript of Proceedings of Parole Board Hearing."

We are concerned only with the sentence imposed. The Board sentenced the defendant to five to twenty years and the journal entry of sentence was then signed by one of the members of the Board in his capacity as a district judge.

The defendant argues that the imposition of sentence by the Board of Paroles of Wyandotte County is an unlawful delegation of judicial authority. The sentence is, according to defendant, void and must be vacated. We agree.

The Wyandotte County Board of Paroles was created under the provisions of K.S.A. 20-2301. This provision allows the district court judges within a single county to create such a board. The provisions of K.S.A. 20-2302 and K.S.A. 20-2303 set forth the powers which may be exercised by any board of paroles set up in a single judicial district. K.S.A. 20-2303 grants the board of paroles the same power of parole as a trial court. However, neither this provision nor K.S.A. 20-2302 authorizes a board of paroles to impose sentence on a criminal defendant.

Moreover, the imposition of sentence in a criminal proceeding is vested by statute exclusively in a court of competent jurisdiction. K.S.A. 21-4603(2)(a), in providing for authorized dispositions, states that a *court* may commit a defendant to the custody of the secretary of corrections. K.S.A. 21-4602 defines "court" as follows:

"(1) 'Court' means any court having jurisdiction and power to sentence offenders for violations of the laws of this state."

The court, as defined, is vested with the exclusive power to impose sentence. "It is the sentencing judge alone who determines the appropriate sentence or other disposition in each case, not the appellate judges." *State v. Heywood*, 245 Kan. 615, 617, 783 P.2d 890 (1989).

Imposition of sentence in a criminal case is not power that may be delegated. The imposition of sentence is exclusively a judicial function. In *State v. Owens & Carlisle*, 210 Kan. 628, 504 P.2d 249 (1972), a trial court sentenced the defendant but then ordered the case be sent to the board of probation and parole for a determination of the grant or denial of probation or modification of sentence. In holding that the trial court erred in failing to exercise its discretion, the court in *Owens* stated:

"The sentencing judgment is a judicial function and as such is unreviewable when within the statutory limits and procedural safeguards have been observed. [Citation omitted.] But it is a function which may not be delegated, that is, a trial court may not divest itself of this responsibility. The initial grant or denial of probation or parole under 21-4603 is a part of the sentencing process vested in the trial court and is not to be arbitrarily dispensed with no matter how well-intentioned the motives may be." 210 Kan. at 635-36.

The State argues that the three judges were not sitting as a board of paroles but as a panel determining the sentence to impose and the issue of probation. The State further argues that the panel was not an agency board but was an extension of the trial court performing a judicial function.

Both of these arguments by the State must fail. The sentencing function is vested exclusively within a court. Assuming the three judges were sitting as a panel, the panel was without statutory authority to impose sentence on a criminal defendant. While the State may argue that the journal entry was signed by a district court judge, it is clear that the sentence imposed was a consensus of the three sitting judges. Thus, the district judge signing the journal entry could very well have disagreed with the sentence agreed upon by the majority of members of the panel. However meritorious the system developed in Wyandotte County may be, it simply has no statutory basis. The sentence imposed by the Wyandotte County Board of Paroles is therefore void and must be vacated.

The conviction is affirmed, the sentence is vacated, and the case is remanded for imposition of sentence by the court.