936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Thomas Edward GIRARDIN, Petitioner-Appellant,
v.
Ernest PYLE, Acting Superintendent, Colorado Department of
Corrections, Respondent-Appellee.
 No. 91-1014.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Girardin, a state prisoner, appeals the denial of federal habeas corpus relief.
 
 
 3
 Mr. Girardin was convicted in a Colorado court of first degree murder, first degree burglary, second degree assault, and two counts of violent crime. He is presently serving a forty year sentence in a Colorado correctional facility. The district court concluded that Mr. Girardin may not have exhausted his state remedies; however, the court noted the exhaustion rule is not "jurisdictional" and present consideration would serve the best interests of all concerned. On appeal to this court, Mr. Girardin raises two issues.
 
 
 4
 Mr. Girardin first asserts his Sixth Amendment right to confrontation was violated by the trial court's prohibition of certain questioning of the victim on cross-examination. The victim was Mr. Girardin's wife. One theory of the defense was that Mrs. Girardin was attacked by someone other than Mr. Girardin, but accused Mr. Girardin to gain an advantage in a pending child custody and property settlement proceeding. On cross-examination, defense counsel posed questions to Mrs. Girardin relating to her relationship, if any, with a member of the opposite sex. The trial court sustained a relevancy objection by the prosecution. The objection was sustained because Mr. Girardin could offer no proof in support of his theory that Mrs. Girardin was so involved. In fact, Mr. Girardin's counsel, when asked by the trial court if he had any evidence to support his line of questioning stated: "If I can't ask the question, I have no idea whether she was seeing somebody...."
 
 
 5
 The district court found this evidentiary ruling was not constitutionally defective pointing out that counsel may not ethically base cross-examination upon mere speculation. Moreover, on review of the record the district court concluded that Mr. Girardin was not deprived of the opportunity to fully cross-examine the victim as to her memory, perception, or possible bias.
 
 
 6
 Nevertheless, on appeal, Mr. Girardin argues that on the facts of this case, the trial court's ruling rendered his trial fundamentally unfair. Mr. Girardin contends Olden v. Kentucky, 488 U.S. 227 (1988), is squarely on point with this case. We do not agree. Olden involved a refusal to allow cross-examination concerning the victim's relationship with a third party that may have established the victim's motive to lie. In Olden, clear proof of a relationship between that third party and the victim was offered. In the case before us, we have no such proof. If the foundation for proposed cross-examination is purely speculative, and a sufficient offer of proof is not made, a trial court acts properly in prohibiting such questioning.
 
 
 7
 Mr. Girardin's second contention is that his due process rights were violated by the trial court's failure to sustain defense counsel's objections during the prosecutor's closing remarks. The district court examined this contention in detail. Basically, the court noted the prosecutor may have made misstatements in his closing, and the trial court overruled defense counsel's objections to these statements. However, the court also acknowledged the trial court instructed the jury to rely upon their own recollection of the evidence presented. The district court, citing United States v. Young, 470 U.S. 1, 11 (1985), noted that determinations regarding prosecutorial statements must be viewed "in context." The court then concluded the isolated, trivial, and brief statements complained of could not have affected the jury's ability to judge the evidence herein and the trial was not rendered unconstitutionally unfair.
 
 
 8
 In reviewing a prosecutor's argument, the question is whether it " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986), quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)). We have examined the closing remarks and agree with the district court that no constitutional error exists. We quote the two instances of which Mr. Girardin complains. First:
 
 
 9
 [MS. DUNBAR:] And Robbyn Martin tells you that she remembers this because it was the date ... she rearranged her furniture. Does that make any sense to you that she would remember the first wedding anniversary and the date she arranged her furniture?
 
 
 10
 MR. BEEKS: Your Honor, once again, she testified she rearranged the furniture recently back to the way it was at that time, not that that was the date she arranged her furniture.
 
 
 11
 THE COURT: Again, ladies and gentlemen, it is up to your collective memory to recall the testimony in this case.
 
 Second:
 
 12
 [MS. DUNBAR:] Now, the defense makes a large case for these scratches that are supposedly on the defendant's face. Well, the testimony has been that Lisa said she tried to scratch him, she thought she scratched him, she might have scratched him. She said she wasn't concentrating on exactly what she was doing in the middle of this attack, and she said she's sure she didn't break the skin.
 
 
 13
 MR. BEEKS: That's not true, Your Honor. She did not say that. I am not going to let that go.
 
 
 14
 THE COURT: Counsel, I have told you not to interrupt and unless you have an objection, do not interrupt again.
 
 
 15
 MR. BEEKS: Well, I object to the flagrant misstatement, Your Honor.
 
 
 16
 THE COURT: Overruled. Ladies and gentlemen, again you must rely upon your own remembrance and the collective memories of each of you of what the evidence shows. No one here is attempting to mislead you. The attorneys to the best of their abilities are recounting to you the evidence and their interpretations of it and the inferences they are asking you to draw. Both of them have done it, and both of them are entitled to do it, but you, in the final analysis, must rely upon your memories as to what has or has not been proven in this case, and what are or not the facts of this case.
 
 
 17
 (Emphasis added.)
 
 
 18
 We have reviewed the closing arguments in their entirety, and we have viewed the portions complained of in context. The minor misstatements by the prosecutor when judged in this light clearly did not render Mr. Girardin's trial fundamentally unfair.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3