No. 65,404

STATE OF KANSAS, *Appellee*, v. MICHAEL A.
BLACKMORE, *Appellant*.

(822 P.2d 49)

Opinion filed December 6, 1991.

*Thad E. Nugent,* of Law Offices of Thad E. Nugent, of Overland Park, argued the cause and was on the brief for appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Terra D. Morehead,* assistant district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Michael A. Blackmore appealed his conviction of indecent liberties with a child, K.S.A. 1990 Supp. 21-3503, and his sentence of not less than 5 years nor more than 20 years, K.S.A. 21-4501. The Court of Appeals affirmed Blackmore's conviction but found the sentence imposed by the Wyandotte County Board of Paroles was illegal and, therefore, void. *State v. Blackmore,* 15 Kan. App. 2d 539, 545, 811 P.2d 54 (1991). We granted the State's petition for review.

Michael Blackmore dated and lived with J.K.B. from May or June of 1987 to April or May of 1988. About the time Blackmore began dating J.K.B., she left Jacob, her four-year-old son, with her mother because she was going through a period of instability. Jacob visited his mother two days a week and on weekends.

Jacob had behavior problems which prompted his grandmother to take him to the Wyandot Mental Health Center for treatment. Annette Inman, a mental health therapist at Wyandot Mental Health Center, saw Jacob 31 times between June 7, 1988, and March 1990. During this time, Jacob first told Inman that defendant "stabbed him in the butt with a knife."

This statement and other statements by Jacob regarding things Blackmore had done to Jacob led to Blackmore being charged with one count of indecent liberties with a child, with the incident occurring between January 1, 1987, and June 31, 1988. Blackmore was convicted by a jury and sentenced to the maximum sentence of 5 to 20 years. The Board of Paroles also revoked Blackmore's probation on his previous conviction of aggravated indecent so-

licitation of a child, Case No. 86CR0812. The sentences were ordered to run consecutively.

The first issue for appellate review is whether the trial court erred in overruling Blackmore's motion for an independent psychiatric examination of the complaining witness.

Blackmore filed a pretrial motion requesting an independent psychiatric examination of Jacob that the trial court denied. On appeal, Blackmore argues the trial court abused its discretion in denying his motion. Blackmore, however, has not provided us with the transcript of the relevant preliminary hearing in the record on appeal.

As the Court of Appeals correctly pointed out, " '[a]n appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, we presume that the action of the trial court was proper.' " *State v. Gonzales,* 245 Kan. 691, 699, 783 P.2d 1239 (1989) (quoting *State v. Bright,* 229 Kan. 185, Syl. ¶ 6, 623 P.2d 917 [1981]). Thus, we hold this issue is without merit.

The second issue for our consideration is whether the trial court erred in admitting evidence of Blackmore's prior conviction pursuant to K.S.A. 60-455.

Prior to trial the State filed a motion requesting permission to introduce evidence of Blackmore's prior conviction at trial pursuant to K.S.A. 60-455. In Case No. 86CR0812, Blackmore pled no contest in 1987 to aggravated indecent solicitation of a child. That case involved Blackmore putting sucking-type bruise marks on the neck and upper thigh of a six-year-old girl. The girl was the daughter of Blackmore's girlfriend.

K.S.A. 60-455 states:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Appellate review of a trial court's decision regarding the admissibility of evidence of prior crimes pursuant to K.S.A. 60-455

is limited to whether the trial court abused its discretion or whether the trial court admitted clearly irrelevant evidence. *State v. Nunn,* 244 Kan. 207, 210-11, 768 P.2d 268 (1989). This court stated in *Nunn* that when determining whether to admit evidence of a prior crime, the trial court must "(1) determine it is relevant to prove one of the facts specified in the statute, (2) determine the fact is a disputed, material fact, and (3) balance the probative value of the prior crime or civil wrong evidence against its tendency to prejudice the jury." 244 Kan. at 211.

Blackmore argues his prior conviction has no probative value in establishing identity in a later unrelated case. Blackmore denied committing the acts charged against him or having any knowledge of the incidents. He also asserts the evidence of his prior conviction is not relevant to the current case. Additionally, Blackmore contends that even if the evidence were relevant its probative value is outweighed by the risk of prejudice to him.

"Where a prior conviction is offered for the purpose of proving identity, the evidence should disclose sufficient facts and circumstances of the offense to raise a reasonable inference that the defendant committed both offenses. [Citations omitted.] Similarity must be shown in order to establish relevancy. [Citation omitted.] It is not sufficient simply to show that the offenses were violations of the same or similar statutes; there should be some evidence of the underlying facts showing the manner in which the other offense was committed so as to raise a reasonable inference that the same person committed both offenses. [Citations omitted.] However, the prior offenses need only be similar, not identical in nature. [Citation omitted.]" *State v. Breazeale,* 238 Kan. 714, 721, 714 P.2d 1356, *cert. denied* 479 U.S. 846 (1986).

After reviewing the record, we find the trial court met the three requirements found in *Nunn* and, therefore, did not abuse its discretion.

The final issue to be considered is whether the sentence imposed upon Blackmore was illegal because it was pronounced by a member of the Wyandotte County Board of Paroles (Board).

Blackmore, in his direct appeal to the Court of Appeals, argued that imposition of sentence by the Board was an unlawful delegation of judicial authority and, thus, illegal. The Court of Appeals agreed. *Blackmore,* 15 Kan. App. 2d at 545. The State's petition for review to this court raised this issue, arguing each member of the Board was a judge who had the authority to impose sentences. The State further contends one judge, not the Board,

imposed the sentence and points out only one judge, in his capacity as a district court judge, signed the journal entry of judgment that imposed Blackmore's sentence.

Blackmore did not request probation. Blackmore and his attorney, however, were notified of Blackmore's sentencing hearing on a "District Court Probation Department" letterhead. The letter to Blackmore states in part: "You are to appear before the Board of Probation on Friday afternoon 6-22-90 at 1:30 p.m. for a hearing on your application for probation." Moreover, the transcript of the sentencing hearing, entitled "Transcript of Proceedings of Parole Board Hearing," shows the panel of three district court judges identified themselves as "the Board." It is not disputed that Blackmore was sentenced while appearing before the Wyandotte County Board of Paroles.

The record, however, gives credence to the State's argument, and we find that the Court of Appeals erred in holding Blackmore's sentence was illegal. The sentencing procedure was conducted by one judge. He pronounced sentence and signed the journal entry. Under Kansas statutes it is not required that the trial judge be the sentencing judge. See K.S.A. 22-3424. In *State v. Sweetin*, 134 Kan. 663, 670, 8 P.2d 397 (1932), this court held that the judge who tried the case need not be the judge who imposed the sentence. Thus, any judge of the judicial district is authorized to pronounce sentence on a person convicted of a crime in that district. The fact that the sentencing judge was sitting as a member of the County Board of Paroles at the same time as he pronounced sentence does not constitute a delegation of judicial authority to the Board. The individual judge to whom the case was assigned for sentencing is the person responsible for sentencing just as if he were sitting alone. Having the County Board of Paroles sitting at the same time facilitates the procedure since probation is so frequently requested by defendants at the time of sentencing. We suggest, however, that it would be better procedure to use district court stationery to notify defendants and counsel of the sentencing hearing.

The judgment of the district court is affirmed, and the judgment of the Court of Appeals is affirmed in part and reversed in part.