No. 66,806

STATE OF KANSAS, *Appellee*, v. JOHN F. CLEMENTS, JR., *Appellant*.

(843 P.2d 679)

Opinion filed December 11, 1992.

*Linda M. Pointer*, special appellate defender, argued the cause, and *Kathleen Levy*, special appellate defender, of Kansas Defender Project, of Lawrence, and *Jessica R. Kunen*, chief appellate defender, of Topeka, were with her on the briefs for appellant.

*Mike Ward*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case concerns the admissibility of prior crimes evidence under K.S.A. 60-455 and the preservation of the admissibility issue on appeal.

John F. Clements, Jr., was found guilty of sexual battery (K.S.A. 21-3517) and aggravated criminal sodomy (K.S.A. 21-3506[a]). We acquired jurisdiction through a transfer by the Court of Appeals under K.S.A. 20-3016.

The case at bar is Clements' third appeal to this court. See *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987) (reversed for improper admission of Clements' prior conviction of sodomy [*Clements I*]); and *State v. Clements*, 244 Kan. 411, 770 P.2d 447 (1989) (reversed for improper admission of an expert's opinion as to characteristics of an individual who typically sexually abuses children [*Clements II*]). The charges in the case at bar are based on incidents occurring after *Clements I and II.*

Our standard of review is abuse of discretion. *State v. Blackmore*, 249 Kan. 668, 670-71, 822 P.2d 49 (1991). We find no error and affirm.

## Facts

In June 1989, Clements was working on electrical repairs at the home of D.W. and K.W. Seven children (including four foster children) lived in the home. Clements, who developed a friendly relationship with the family, was hired to work on other odd jobs at the house. The male children often were hired by Clements to assist him.

Clements and J.A., a 17-year-old boy and one of the four foster children, spent a day in June 1989 working together. J.A. testified: (1) He was taken to Clements' house where he played a computer game while Clements took a shower; (2) while sitting at the computer his back was massaged by Clements (J.A. had previously complained of back pain to Clements); (3) Clements moved his hands around to J.A.'s front and into J.A.'s pants; (5) J.A. grabbed Clements' hands and asked Clements to stop; (6) Clements then offered J.A. a ride to dinner, which J.A. accepted because he "was scared."

J.A. informed the police about what had happened. Charges were not filed until later.

The second incident involved C.B., a 15-year-old boy. In November 1989, Clements drove C.B. and his friends around town and bought them a 12-pack of beer. After finishing the beer, the group gathered in the basement of the home of C.B.'s girlfriend. According to C.B., Clements came up behind him and rubbed his back and shoulders and asked if he could "go lower." C.B. said, "No."

Clements also hired C.B. to help with odd jobs. C.B. assisted Clements in siding a vacant house. C.B.'s friend, H.J., also worked on the house. C.B. related that, after H.J. left the job site, Clements began rubbing C.B.'s back and asked to "go lower." C.B. testified that after he declined, Clements offered him $100 for a "hand job or blow job." C.B. accepted the offer. Clements orally copulated C.B. C.B. told his girlfriend and his foster parents about the incident. The foster parents took C.B. to the police. C.B.'s trial testimony differed from his initial story. The first time C.B. spoke with a police officer, C.B. indicated that Clements had knocked him out and performed both oral and anal sex.

The State charged Clements with sexual battery (the incident with J.A.), aggravated kidnapping (C.B.'s original story), and aggravated criminal sodomy (the incident with C.B.). The aggravated kidnapping charge was dismissed.

A search warrant was issued for Clements' residence. Among the items seized and admitted into evidence were baseball cards found in Clements' bedroom. A photograph of the cards in the place where they had been located by the police was also admitted into evidence.

Prior to trial, motions concerning the admissibility of the fruits of the residential search and of Clements' prior crimes were heard by the trial court. Clements filed a motion in limine to prevent the State from introducing evidence regarding both a 1982 Navy court martial and a 1989 Butler County conviction for aggravated indecent solicitation of a child, P.V.

The incident involving P.V. took place in May 1985. In September of 1985, Clements was charged with aggravated criminal sodomy. The 1985 charge resulted in several trials and two appeals. After three jury trials (including one hung jury) and two conviction reversals by this court, *Clements I* and *II*, Clements pled no contest to the reduced charge of aggravated indecent solicitation of a child. The chronology of the trials, appeals, and plea was before the jury in the case at bar by stipulation (orally from the bench by the trial judge and in writing from the parties).

The trial judge admitted the June 1989 Butler County conviction under K.S.A. 60-455 to prove intent as to sexual battery and to prove plan as to both sexual battery and aggravated criminal sodomy. A ruling on admission of the items recovered during the residential search was reserved until the attempted introduction of each item at trial.

Clements' 1989 conviction was introduced under K.S.A. 60-455 through the testimony of P.V. P.V. testified that he sometimes saw Clements at a baseball card shop and that Clements had performed oral sex on him. P.V. was 11 years old at the time. (P.V.'s involvement with Clements is set out in *Clements I* and *II*.) No contemporaneous objection was made at trial to P.V.'s testimony. Following the State's direct examination of P.V. and the luncheon recess, defense counsel moved to strike P.V's testimony. The motion was denied.

## K.S.A. 60-404—The Contemporaneous Objection Rule

Clements' counsel did not make a K.S.A. 60-404 contemporaneous objection to P.V.'s testimony.

Defense counsel did move to strike the testimony. However, " '[w]hen a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal.' [Citation omitted.]" *State v. Hall,* 246 Kan. 728, 739, 793 P.2d 737 (1990). See also *State v. Jordan,* 250 Kan. 180, 192, 825 P.2d 157 (1992) (admission of prior crimes evidence was not properly before the court due to the failure of counsel to object at trial).

The trial court in the case at bar instructed the jury regarding the limited purpose of the K.S.A. 60-455 evidence just prior to P.V.'s testimony and again in the written instructions at the close of trial. Even if the K.S.A. 60-455 prior crimes issue had been properly before us, we would not find an abuse of discretion in admitting the testimony of P.V. for the limited purposes of showing intent and plan.

## Prior Crimes Evidence Under K.S.A. 60-455

The admission of evidence of prior crimes is governed by K.S.A. 60-455.

We have consistently stated that appellate review of the admission of prior crimes evidence is "limited to whether the trial court abused its discretion or whether the trial court admitted clearly irrelevant evidence." *State v. Blackmore,* 249 Kan. at 671.

The trial judge reasoned that *State v. Damewood,* 245 Kan. 676, 783 P.2d 1249 (1989), controlled the case at bar.

Damewood's convictions resulted from two incidents in which a 14-year-old boy was forced to engage in various sexual activities. Damewood's criminal activities followed a pattern of becoming acquainted with the 14-year-old and eventually asking him to assist in Damewood's beekeeping operation. On each occasion Damewood arranged to pick up the 14-year-old under the guise of assisting in the beekeeping activity. Each time, Damewood drove the boy to a secluded area and forced the boy to engage in the sexual activities. *Damewood,* 245 Kan. at 678-79.

Following K.S.A. 60-455, the trial court in *Damewood* permitted testimony by another boy regarding a previous similar encounter with Damewood. 245 Kan. at 679-80.

Clements argues that because he denied committing the crimes, "intent is proved by proving the crimes"; thus, prior crimes evidence has no probative value. He also reasons that prior crimes evidence "is relevant to show plan only when that evidence demonstrates a preexisting design or scheme. . . . It is the existence of a *structured design*, not common features, which determines admissibility."

In *Damewood*, we dealt with arguments similar to those Clements raises here. See 245 Kan. at 681-82.

Clements attempts to discount the applicability and wisdom of *Damewood* on the admission of the testimony to prove intent and plan. Regarding the admission to show intent, Clements argues that *State v. Graham*, 244 Kan. 194, 768 P.2d 259 (1989), and *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989), are controlling. According to Clements, these cases stand for the proposition that "[i]ntent becomes an issue for the purposes of K.S.A. 60-455 only when the defendant admits doing the act in question but maintains that he did it in innocence."

In Clements' situation, intent must be proved to support a charge of sexual battery (a backrub does not, by itself, necessarily constitute sexual battery).

*Damewood* is controlling on the issue of plan. The general method used by Clements to entice young boys is similar enough to show a common approach that is tantamount to a plan.

Clements' argument arising from *Graham* and *Nunn* is not persuasive.

### The Baseball Cards

Clements asserts that the baseball cards seized from his home and admitted into evidence "served only as extrinsic evidence to validate the prior crimes evidence testimony of [P.V.]. The exhibits had *no probative value whatever* in the present case."

The State suggests that Clements places too much emphasis on the cards, which circumstantially link the 1985 (the K.S.A. 60-455 prior crimes evidence) and the 1989 charges.

The baseball cards supply one evidentiary aspect of the general prior crimes issue. P.V.'s testimony of the 1985 incident was properly admitted under K.S.A. 60-455; consequently, admission of the baseball cards was not uniquely prejudicial.

The trial judge carefully considered the admission of the card evidence. A motion in limine to suppress the evidence was filed by Clements' attorney. The trial judge declined to rule on the motion regarding each piece of evidence until trial. Defense counsel objected at trial. The cards were admitted after additional argument. We find no abuse of discretion in admitting the baseball cards.

Affirmed.