No. 77,835

STATE OF KANSAS, *Appellee*, v. RONNIE V. TIFFANY, *Appellant*.
(986 P.2d 1064)

Opinion filed July 9, 1999.

*Elizabeth Seale Cateforis*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Elizabeth L. Rogers*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by defendant Ronnie V. Tiffany from his conviction of and sentence for one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504. We granted defendant's petition for review of the Court of Appeals' unpublished opinion. (*State v. Tiffany*, No. 77,835, filed October 9, 1998.) The Court of Appeals held that the K.S.A. 60-455 evidence of prior crimes should not have been admitted because in-

tent was not a disputed material fact, but, given the record as whole, the admission was harmless error. The Court of Appeals also held the trial court's findings for departure were supported by the evidence in the record and constituted substantial and compelling reasons to depart, and that the trial court did not abuse its discretion when it doubled the maximum presumptive sentence.

The victim, S.L., is the 7-year-old granddaughter of Tiffany's female friend. Evidence was admitted that Tiffany had S.L. masturbate him and that S.L. saw him ejaculate. Tiffany testified the act did not occur.

The State moved to admit evidence of prior uncharged sex crimes that Tiffany had committed with other children and a prior conviction for indecent solicitation of a child. Tiffany's attorney objected, claiming that the evidence "mostly goes to propensity under the theory that if he did something like this before, he's done it again." The trial court found that the evidence was relevant and material and that the probative value outweighed any prejudice. The trial court was very specific in its ruling that only similar factual situations would be admitted at the trial.

Tiffany's daughter, T.M.T., testified that Tiffany began exposing his penis to her when she was 8 or 9 years old and that she had rubbed his penis at his request on more than one occasion. Tiffany's other daughter, T.T., testified that Tiffany had exposed his penis and masturbated in front of her when she was 5 or 6 years old; that Tiffany had done this more than once; that she had rubbed Tiffany's penis at his request; and that she had seen him ejaculate.

C.C. (the victim in Tiffany's indecent solicitation conviction) testified that when he was 13 or 14 years old, Tiffany lived with his family. During that time, Tiffany exposed his penis and masturbated in front of C.C. The parties had previously stipulated that Tiffany had been convicted of indecent solicitation of a child in 1990, based on the incident involving C.C.

A jury convicted Tiffany of one count of aggravated indecent liberties with a child. Tiffany moved for downward durational and dispositional departures, and the State moved for an upward durational departure. At sentencing, the State presented testimony regarding Tiffany's previous sexual activity with children.

T., Tiffany's son, testified that at Tiffany's direction, he had sexual intercourse with his cousin L.R. when he was 15 years old. Tiffany both demonstrated and orally instructed T. how to have sex with L.R. so he would look experienced if Tiffany could arrange for him to be in pornographic movies.

L.R. testified that she began having oral sex and sexual intercourse with Tiffany at the age of 14, and that during this same period she had sex with T. at Tiffany's request.

Tiffany's criminal history also included a 1962 rape conviction in Oklahoma.

## I. PRIOR SEXUAL MISCONDUCT

Evidence of prior crimes is inadmissible to show a defendant's disposition to commit crime, but is admissible to prove a "material fact including motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." K.S.A. 60-455. There are three requirements that must be satisfied for evidence to be admitted under K.S.A. 60-455. The district court must find that

"(1) the evidence is relevant to prove one of the facts specified in the statute; (2) the fact is a disputed, material fact; and (3) probative value of the evidence outweighs its potential prejudice. *State v. Nunn*, 244 Kan. 207, 211, 768 P.2d 268 (1989). If the requirements for admission of evidence of prior crimes pursuant to K.S.A. 60-455 are met, the scope of appellate review is limited to whether the trial court abused its discretion. *State v. Blackmore*, 249 Kan. 668, Syl. ¶ 2, 822 P.2d 49 (1991). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *State v. Wagner*, 248 Kan. 240, 242, 807 P.2d 139 (1991)." *State v. Lane*, 262 Kan. 373, 388, 940 P.2d 422 (1997).

Tiffany's defense was that the alleged conduct never took place. Therefore, he argues that none of the factors contained in K.S.A. 60-455 were substantially at issue. He testified in his own defense at trial and contended that while he and S.L. waited for S.L.'s grandmother in the hospital parking lot, they played cards and S.L. watched traffic. He denied all of S.L.'s claims of sexual misconduct.

The Court of Appeals relied on *State v. Dotson*, 256 Kan. 406, 886 P.2d 356 (1994), in holding that the prior crimes evidence

should not have been admitted because intent was not a disputed material fact. However, the Court of Appeals panel held that, given the record as a whole, the admission of the 60-455 evidence was harmless error. See K.S.A. 60-261.

We disagree with the Court of Appeals' reasoning but agree with the result. In *State v. Morgan*, 207 Kan. 581, 582, 485 P.2d 1371 (1971), the trial court, in a forcible rape case, allowed two women to testify they had been forcibly raped by the defendant under "somewhat similar circumstances." This court allowed the testimony to show, among other K.S.A. 60-455 factors, intent and plan.

In *State v. Masqua*, 210 Kan. 419, 502 P.2d 728 (1972), *cert. denied* 411 U.S. 951 (1973), a forcible rape case, this court allowed two women to testify to offenses of a similar character by the defendant to show, among other K.S.A. 60-455 elements, intent and plan or mode of operation.

In *State v. Hampton*, 215 Kan. 907, 909-10, 529 P.2d 127 (1974), *overruled on other grounds State v. Cantrell*, 234 Kan. 426, 673 P.2d 1147 (1983), *cert. denied* 469 U.S. 817 (1984), a rape case, the court allowed three women to testify to attacks carried out in a similar manner. We affirmed the use of such evidence to show intent and plan or mode of operation. This court commented:

"Although issues going to identity, knowledge, absence of mistake, etc., were not present in this trial, the force displayed on similar occasions had a material bearing as to the intent with which the defendant approached the victim in this case, and his plan of procedure should he encounter opposition.

. . . .

"We believe the probative value of the evidence sufficiently outweighed its prejudicial effect so that its admission was proper within the limits of judicial discretion. (*State v. Nading*, 214 Kan. 249, 255, 519 P.2d 714.)" 215 Kan. at 909-10.

In *State v. Gonzales*, 217 Kan. 159, 535 P.2d 988 (1975), a rape case, two women were allowed to testify to sexual attacks that were dissimilar except that force had been used to prove intent, motive, and plan of operation. In that case, Justice Prager, who had joined the majority in *Hampton*, changed his mind on intent. Justice Prager was of the opinion it is a woman's intent that is in issue.

In *Hampton*, Justice Fontron, speaking for the court, stated:

"Either the use of force or the use of overbearing fear is a necessary ingredient of the offense of rape. The sexual act must be committed against the will and without the consent of the woman; her resistance must be overcome. Thus it is that the intent with which a marauding male approaches a member of the opposite sex in seeking sexual gratification becomes important. Is it *his intent* to satisfy his lust at any cost, that is, against the lady's will and by overcoming her resistance, or is it simply to find an accommodating partner? If the first be *his intent*, and the sexual act is accomplished by destroying resistance, the statute has been violated. On the other hand, if it be *his intent* merely to cajole the lady into acquiescence, and he is successful, intercourse is on a mutually enjoyable basis, and rape, it is not. Intent and plan of operation are highly significant; they are relevant to the issue of consent or lack thereof." (Emphasis added.) 215 Kan. at 909.

In *Gonzales*, in his dissent, Justice Prager stated: "In the instant case there is very little similarity between the crime charged and the other offenses admitted into evidence. Certainly they do not evidence any sort of preconceived pattern or plan of operation." 217 Kan. at 163.

In the case before us, the evidence admitted in the guilt phase was limited to a strikingly similar method of operation. Similar words were used to entice the victims into performing the requested acts, the victims were all about the same age, and the criminal conduct was performed in the same manner.

In *State v. Fisher*, 222 Kan. 76, 563 P.2d 1012 (1977), in a case of indecent liberties with a child and aggravated sodomy, testimony of the 11-year-old victim as to three other uncharged sexual acts (almost identical to the acts in this case) was admitted to show intent, plan, and design. This court said:

"A necessary element of proof of indecent liberties with a child is the specific intent to arouse or satisfy the sexual desires of either or both. The other crimes evidence was probative to show such intent. Further, the three like occurrences in the preceding year reflect an antecedent mental condition that evidentially points to the doing of the acts charged. The occurrences suggest a plan or design directed toward the doing of the crimes charged.

"We believe the probative value of the evidence sufficiently outweighed its prejudicial effect so that its admission was proper within the limits of judicial discretion. [Citations omitted.]" 222 Kan. at 85.

Justice Prager concurred in the granting of a new trial (for reasons not relevant here) and again set forth the same reasoning he

did in *Gonzales*. No other members of the court joined Justice Prager's dissent.

In *State v. Damewood*, 245 Kan. 676, 783 P.2d 1249 (1989) (indecent liberties with a child and aggravated criminal sodomy, among other charges), evidence was admitted of "strikingly similar" acts and modus operandi to show intent and plan under K.S.A. 60-455. This court stated:

"Defendant asserts that intent and plan were not appropriate reasons for the admission of the testimony and that corroboration is not one of the elements recognized by the statute. He asserts intent was not an issue in this case because the mere doing of the act suffices to show intent. He also asserts the evidence was not admissible to show plan because no connection existed between the alleged acts with M.S.R. and those with the victim in this case.

"In *State v. Fisher*, 222 Kan. 76, 85, 563 P.2d 1012 (1977), we held evidence of prior similar sexual acts was admissible to prove intent and 'plan or design.' In *State v. Crossman*, 229 Kan. 384, 624 P.2d 461 (1981), the defendant was convicted of two counts of indecent liberties with a child and one count of aggravated sodomy. Evidence of prior sexual acts with the same child was admitted independent of K.S.A. 60-455 under our rule that in cases involving illicit sexual activity with a child evidence of prior similar acts between the same parties is admissible independent of K.S.A. 60-455. However, in doing so the court commented, 'This is not to say that evidence of prior acts could not have been introduced pursuant to K.S.A. 60-455 to establish intent.' 229 Kan. at 387 (citing *Fisher*). We conclude that the testimony of M.S.R. was properly admitted to show intent.

"We are also of the opinion it was admissible to show the plan or modus operandi of the defendant. Admission of evidence under 60-455 to show plan has been upheld under at least two theories. In one the evidence, though unrelated to the crimes charged, is admitted to show the modus operandi or general method used by a defendant to perpetrate similar but totally unrelated crimes.

. . . .

"We conclude that, under the facts of this case, it was not error to admit the testimony of M.S.R. for the purpose of proving intent and plan pursuant to K.S.A. 60-455." 258 Kan. at 681-83.

In *State v. Clements*, 252 Kan. 86, 843 P.2d 679 (1992) (sexual battery and aggravated criminal sodomy), K.S.A. 60-455 evidence was considered. This court held:

"We have consistently stated that appellate review of the admission of prior crimes evidence is 'limited to whether the trial court abused its discretion or whether the trial court admitted clearly irrelevant evidence.' *State v. Blackmore*, 249 Kan. at 671.

"The trial judge reasoned that *State v. Damewood*, 245 Kan. 676, 783 P.2d 1249 (1989), controlled the case at bar.

". . . Damewood's criminal activities followed a pattern of becoming acquainted with the 14-year-old and eventually asking him to assist in Damewood's beekeeping operation. On each occasion Damewood arranged to pick up the 14-year-old under the guise of assisting in the beekeeping activity. Each time, Damewood drove the boy to a secluded area and forced the boy to engage in the sexual activities. *Damewood*, 245 Kan. at 678-79.

"Following K.S.A. 60-455, the trial court in *Damewood* permitted testimony by another boy regarding a previous similar encounter with Damewood. 245 Kan. at 679-80.

"Clements argues that because he denied committing the crimes, 'intent is proved by proving the crimes'; thus, prior crimes evidence has no probative value. He also reasons that prior crimes evidence 'is relevant to show plan only when that evidence demonstrates a preexisting design or scheme. . . . It is the existence of a *structured design*, not common features, which determines admissibility.'

"In *Damewood*, we dealt with arguments similar to those Clements raises here. See 245 Kan. at 681-82.

"Clements attempts to discount the applicability and wisdom of *Damewood* on the admission of the testimony to prove intent and plan. Regarding the admission to show intent, Clements argues that *State v. Graham*, 244 Kan. 194, 768 P.2d 259 (1989), and *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989), are controlling. According to Clements, these cases stand for the proposition that '[i]ntent becomes an issue for the purposes of K.S.A. 60-455 only when the defendant admits doing the act in question but maintains that he did it in innocence.'

"In Clements' situation, intent must be proved to support a charge of sexual battery (a backrub does not, by itself, necessarily constitute sexual battery).

"*Damewood* is controlling on the issue of plan. The general method used by Clements to entice young boys is similar enough to show a common approach that is tantamount to a plan.

"Clements' argument arising from *Graham* and *Nunn* is not persuasive." 252 Kan. at 89-90.

*Damewood* and *Clements* control this case. As stated in *Clements*, "The general method used . . . is similar enough to show a common approach that is tantamount to a plan." 252 Kan. at 90.

## II. UPWARD DURATIONAL DEPARTURE

The standard of appellate review for departure sentences was stated in *State v. Gideon*, 257 Kan. 591, Syl. ¶ 20, 894 P.2d 850 (1995):

"A claim that sentencing guidelines departure factors are not supported by evidence in the record should be reviewed to determine whether there is sub-

stantial evidence supporting the court's findings or whether the court's findings are clearly erroneous. A claim that the departure factors relied upon by the court do not constitute substantial and compelling reasons for a departure is a question of law."

"The court's comments at the time of sentencing govern as to the reasons for departure." 257 Kan. at 623. Here, the district court relied on the provisions of K.S.A. 21-4716(b)(2)(G) and K.S.A. 22-3717(d)(1)(C), and found that the crime of conviction was a "crime of extreme sexual violence" and that Tiffany was a "predatory sex offender," as those terms are defined pursuant to K.S.A. 21-4716.

K.S.A. 21-4716 was amended in 1996. The 1994 version applies in this case, however, because the crime was committed between June 27, 1995, and June 29, 1995. "[T]he fundamental rule is that a person convicted of a crime is given the sentence in effect when the crime was committed. See *State v. Reed*, 248 Kan. 792, 795, 811 P.2d 1163 (1991)." *State v. Fierro*, 257 Kan. 639, 649, 895 P.2d 186 (1995).

In *State v. Jackson*, 262 Kan. 119, 134, 936 P.2d 761 (1997), we stated:

"A claim that the departure factors relied upon by the sentencing court do not constitute substantial and compelling reasons for departure is a question of law for which an appellate court's review is unlimited. *State v. Cox*, 258 Kan. 557, 575, 908 P.2d 603 (1995); *State v. Gideon*, 257 Kan. 591, Syl. ¶ 20, 894 P.2d 850 (1995). A clearly erroneous standard applies to a claim that the evidence was insufficient to justify a departure. *State v. Gideon*, 257 Kan. 591, Syl. ¶ 20."

At sentencing, the trial court found that Tiffany's current crime of conviction, aggravated indecent liberties with a child, is a "crime of extreme sexual violence, as defined in K.S.A. 21-4716." The trial court also found that based on Tiffany's current crime of conviction and his previous conviction for rape, Tiffany is a "predatory sex offender, as defined in K.S.A. 21-4716." The trial court further found that "pursuant to K.S.A. 22-3717, the current crime of conviction, aggravated indecent liberties with a child, is both a sexually violent and a sexually motivated offense."

A crime of extreme sexual violence is "a crime involving an act of sexual intercourse, sodomy or lewd fondling and touching with

any child who is less than 14 years of age." K.S.A. 21-4716(b)(2)(G)(i)(c).

Tiffany argues that the trial court's findings do not constitute substantial and compelling reasons for departure. Tiffany acknowledges that by defining a "sexually violent crime" to include aggravated indecent liberties with a child, the legislature clearly indicated the seriousness of sex crimes against children. Tiffany quotes *State v. Zuck*, 21 Kan. App. 2d 597, Syl. ¶ 3, 904 P.2d 1005, *rev. denied* 258 Kan. 863 (1995), wherein it was stated that "[i]f one of the purposes of the sentencing guidelines is to ensure uniformity in sentencing then departures should only be allowed in extraordinary cases." Tiffany then argues that the conduct alleged does not make his case an extraordinary case. He maintains that he was not accused of a pattern of abuse toward S.L., and it was not alleged there was any touching or penetration of S.L. Therefore, he argues the crime of conviction was no more egregious than any other conviction for aggravated indecent liberties with a child.

This argument is not persuasive. The *Zuck* court examined the question of whether a pattern of conduct is a justification for a departure sentence and noted that in *Gideon*, 257 Kan. at 624, this court held that because 21-4716 provides a nonexclusive list of aggravating and mitigating factors available to the sentencing court in deciding whether to depart, other appropriate aggravating factors not contained in the statute may be considered.

"Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *State v. Ratley*, 253 Kan. 394, Syl. ¶ 2, 855 P.2d 943 (1993)." *State v. Grady*, 258 Kan. 72, 79, 900 P.2d 227 (1995). The *Grady* court stated:

"Whether the trial court's findings constitute substantial and compelling reasons for departure is a question of law. The question in this analysis is twofold. First, is a particular reason given by the sentencing court a valid departure factor? Second, are the reasons, as a whole, substantial and compelling reasons for departure in a given case? Reasons which may in one case justify departure may not in all cases justify a departure. Rather, the inquiry must evaluate the crime and the departure factors as a whole to determine whether departure in a particular case is justified. It is a question of what weight to give each reason stated and what weight to give the reasons as a whole in light of the offense of conviction and the

defendant's criminal history. The inquiry also considers the purposes and principles of the KSGA." 258 Kan. at 83.

In the present case, the trial court considered Tiffany's argument that the rape conviction should be disregarded because of its age and ruled:

"Now, granted, the rape conviction stems from an incident that occurred back in 1962, some 34 years ago. And granted, that the Kansas Supreme Court has stated specifically in the case of *State v. Richardson*, that the Court can take into consideration the age of the last felony conviction of the defendant. . . . I think the *Richardson* case can be distinguished from the present case, in that in the present case, we are talking about a violent conviction. And the Court is not of a mind to disregard the rape conviction."

The sentencing court may disregard a prior conviction due to remoteness of time. However, the sentencing court is not required to do so and a decision to not disregard such a conviction does not mean the court's findings are clearly erroneous. Tiffany's argument that although the statutory definition of "predatory sex offender" is met in his case, this finding does not constitute a substantial and compelling reason for departure, is not persuasive.

Tiffany also argues that in the State's motion for upward departure, it relied heavily on the uncharged past misconduct alleged by Tiffany's children and others. Tiffany asserts that the extent of the departure imposed suggests the trial court was prejudiced by the testimony of those relating uncharged past conduct.

In *Zuck*, the Court of Appeals set forth the correct view of the law. The *Zuck* court noted:

"K.S.A. 1994 Supp. 21-4716 contains the nonexclusive list of aggravating and mitigating factors available for the sentencing court in deciding whether to depart. Our Supreme Court has recognized that other appropriate aggravating factors may be considered. *State v. Gideon*, 257 Kan. at 624." 21 Kan. App. 2d at 605.

The *Zuck* court reasoned:

"The complaint here charged that the attempted rape took place on or about September 17, 1993. The record indicated that defendant had been molesting the victim for a period of years. Consequently, there is evidence to support the finding there was conduct that occurred earlier that was not covered by the instant conviction." 21 Kan. App. 2d at 605.

Thus, the *Zuck* court held:

"Recent Kansas cases have illustrated a variety of factors that may be used in imposing a departure sentence. See *State v. Grady*, 258 Kan. 72, and *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995). Our statutory list of aggravating and mitigating factors is nonexclusive. Consequently, the sentencing courts may use other factors when imposing a departure sentence as long as there is evidence in the record to support such factors and the use of the factors would be consistent with the intent and purposes of the guidelines. 'When there is reasonable doubt as to whether the legislature necessarily considered a factor in establishing the standard sentence range, the trial court has discretion to use that factor as a reason for issuing a departure sentence.' *Grady*, 258 Kan. 72, Syl. ¶ 7. Because there is no indication that our legislature considered restricting the use of a defendant's prior uncharged criminal conduct in establishing the presumptive sentence, the sentencing court here had the discretion to consider such conduct as a departure factor. Importantly, one of the purposes of the guidelines is to ensure public safety. Using a history of unpunished sexual exploitation as a factor to justify a departure is consistent with the purposes of the guidelines." 21 Kan. App. 2d at 606.

When ruling on Tiffany's challenge to the departure sentence, the Court of Appeals stated:

"K.S.A. 21-4716(b)(2)(G) provides that if the defendant's current crime of conviction is one of extreme sexual violence and he is a predatory sex offender, then a substantial and compelling reason exists for departure as a matter of law. K.S.A. 21-4716(b)(2)(G)(i)(c) states that a crime of extreme sexual violence is one 'involving an act of . . . lewd fondling and touching with any child who is less than 14 years of age.' K.S.A. 21-4716(b)(2)(G)(ii)(a) defines a predatory sex offender as one who has been convicted of a crime of extreme sexual violence and has one or more prior convictions of any crimes of extreme sexual violence. Upon finding that a current conviction was sexually violent or sexually motivated, the district court may extend the postrelease supervision period to 60 months. K.S.A. 22-3717(d)(1)(C)(i)."

The Court of Appeals appropriately held that "[t]he district court's findings for departure are supported by the evidence in the record and constitute substantial and compelling reasons."

### III. ABUSE OF DISCRETION

Tiffany and the Court of Appeals concluded this issue is to be decided under the abuse of discretion standard, relying on *State v. Favela*, 259 Kan. 215, 911 P.2d 792 (1996). Although the *Favela* court determined that this court's power to review a *downward* durational departure should be limited to the abuse of discretion

standard, our decision would also apply to an upward durational departure. In *Favela*, we stated:

"Since the legislature did not find it necessary to specifically state that this court has the power to review the extent of departure, we do not believe that the legislature intended to allow the court the power to review the extent of sentences de novo. Rather, since the power to review the extent of departure is based on a mere inference, the court should not give itself more power than the legislature intended. Thus, our review should be limited to the weakest type of review—abuse of discretion. If the legislature wishes the court to have greater review power, it should specifically and clearly grant such power. Further, determining the appropriate extent of departure and whether the sentence is proportionate to the severity of the defendant's crime of conviction is more of a fact question. Thus, deference should be granted to the sentencing judge, who has had first-hand experience with the defendant and the facts of the case, in determining the extent of departure.

"Under an abuse of discretion standard of review, the question is whether the extent of the sentencing court's durational departure is consistent with the 'enacted purposes and principles of [the] sentencing guidelines' and 'proportionate to the severity of the crime of conviction and the offender's criminal history.' K.S.A. 1994 Supp. 21-4719(b)(1). In answering this question, the State points out that a trial court abuses its discretion if no reasonable person could agree with the trial court. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990); *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988). If any reasonable person could agree, the appellate court will not disturb the trial court's decision." 259 Kan. at 243-44.

K.S.A. 21-4719(b) provides:

"(b) When a sentencing judge departs in setting the duration of a presumptive term of imprisonment: (1) The judge shall consider and apply the enacted purposes and principles of sentencing guidelines to impose a sentence which is proportionate to the severity of the crime of conviction and the offender's criminal history; and

(2) the presumptive term of imprisonment set in such a departure shall not total more than double the maximum duration of the presumptive imprisonment term."

With a criminal history score of 3-D on the nondrug grid, Tiffany's presumptive sentence range was 74 to 83 months. See K.S.A. 1994 Supp. 21-4704. Tiffany was sentenced to a period of incarceration of 166 months, which is double the upper limit in the 3-D grid box. Tiffany acknowledges that aggravated indecent liberties with a child, as a severity level 3 crime, is among the most serious

crimes in Kansas, but argues that a single instance of S.L. touching his penis does not justify departure of double the presumptive sentence. He asserts that the facts of this case would have to be substantially more egregious than the typical aggravated indecent liberties to support such a departure.

Tiffany further argues that the State presented a great deal of evidence of uncharged sexual misconduct at trial as evidenced by the testimony of two of his daughters and the victim of the misdemeanor charge. At sentencing, the State presented the testimony of Tiffany's son and his niece. Thus, Tiffany maintains the sentencing court's sentencing was a result of partiality and prejudice because it was influenced by a substantial amount of prejudicial testimony portraying him as a longtime child molester.

Tiffany asserts that "[e]ven though the sentencing court did not explicitly state that this evidence had influenced the departure decision, it is pretty clear that it did. How could it not?" The sentencing court based its departure on the fact that Tiffany was a sexual predator and the crime of conviction was one of extreme sexual violence. The statute specifically provides that such reasons are substantial and compelling reasons for departure. "The court's comments at the time of sentencing govern as to the reasons for departure." *Gideon*, 257 Kan. at 623.

The sentencing guidelines, pursuant to K.S.A. 21-4716(2), provide a nonexclusive list of aggravating factors which may be considered in determining whether substantial and compelling reasons exist for departure. One of the reasons listed is that a defendant's current crime of conviction is a crime of extreme sexual violence and he or she is a predatory sex offender. Tiffany meets the definition of a predatory sex offender and his current crime of conviction meets the definition of a crime of extreme sexual violence. Thus, the sentencing judge followed the mandates of the sentencing guidelines and imposed a departure sentence in accordance with K.S.A. 21-4719(b). We find no error.

The judgment of the Court of Appeals affirming the district court is affirmed as modified and the judgment of the district court is affirmed.