(25 P.3d 149)
No. 84,553

STATE OF KANSAS, *Appellee*, v. SANTIAGO ALDABA, JR., *Appellant*.

Opinion filed May 25, 2001.

Rick Kittel, assistant appellate defender, and Jessica R. Kunen, chief appellate defender, for appellant.

Lesley A. McFadden, assistant district attorney, Nola Foulston, district attorney, and Carla J. Stovall, attorney general, for appellee.

Before GERNON, P.J., GREEN and BEIER, JJ.

BEIER, J.: Santiago Aldaba, Jr., appeals his jury trial conviction for aggravated criminal sodomy.

Aldaba raises five issues: (1) Should the district court have instructed the jury on the lesser included offense of attempted aggravated criminal sodomy? (2) Did the district court err by admitting K.S.A. 60-455 evidence when the State failed to give timely notice? (3) Did the district court abuse its discretion by admitting evidence of defendant's prior sexual acts with a second child to show plan and identity? (4) Did the district court abuse its discretion by denying defendant's motion for mistrial after the second child testified at trial that he was a victim of aggravated criminal sodomy rather than the inappropriate touching and attempted sodomy that he was expected to describe? (5) Did the district court err by allowing the State to call a rebuttal witness without giving prior notice to the defense?

The alleged victim in this case, 6-year-old I.V., told his 12-year-old cousin L.D. that Aldaba, a relative, had touched I.V.'s "butt" and stuck his penis into I.V.'s mouth while in the living room of I.V.'s grandfather's house. L.D. told I.V. to tell his mother and his older brother. I.V. then told the brother that Aldaba had tried to make him put his mouth on Aldaba's "dick" when Aldaba came to

visit the previous summer. I.V. was shaking and crying during this discussion and said he had not told anyone before because Aldaba had told him he would kill him. L.D. then came into the room, started crying, and said Aldaba had "tried to do the same thing to him" in Chicago.

The initial police report filed by Officer Diaz after interviewing I.V. said that Aldaba had attempted to have oral sex with I.V., but I.V. refused and ran into a bathroom. This report was characterized at trial as a summary and not a "word-for-word" transcript of what I.V. told Diaz. I.V. later told a different officer that Aldaba was sleeping by him at his grandpa's house and that Aldaba grabbed his head and made him suck on Aldaba's penis. I.V. also said he pushed Aldaba away, but Aldaba grabbed him by the leg.

After Aldaba was charged, he filed a notice of alibi defense in accordance with K.S.A. 22-3218. The State filed no notice of its intent to use I.V.'s sister as an alibi rebuttal witness. The State did file a K.S.A. 60-455 motion seeking to admit evidence that Aldaba inappropriately touched and attempted to commit oral sodomy on L.D., arguing that it was relevant to identity and plan. The defense opposed the motion as untimely. The district court noted that the motion failed to abide by an apparently unwritten local rule requiring such motions to be filed at least 5 days before trial but nevertheless granted the motion.

At trial, I.V. testified that the defendant had put his "wiener" in I.V.'s mouth at his grandpa's house, but he said that it happened upstairs in his room when it was daylight.

L.D. testified at trial that the defendant had slept in the living room of the grandfather's house with I.V. He also testified that the defendant had touched L.D.'s "butt" four times. When the prosecutor asked L.D. if the defendant had ever tried to do anything to him like what had been done to I.V., L.D. said the defendant had put his penis in L.D.'s mouth as well when he was visiting the defendant out of state. This testimony, at the next break in the evidence, prompted a defense motion for mistrial based on unfair surprise. The district court denied the motion, finding that all parties were surprised by L.D.'s testimony about the completed act of sodomy.

I.V.'s and L.D.'s trial statements conflicted in some of their particulars with the testimony of Detective Kevin Bradford, who had interviewed both of the boys pretrial. Bradford testified regarding the initial interview of I.V., in which I.V. said that Aldaba had tried to commit sodomy but that I.V. had escaped to a bathroom. He also testified that, in a later interview, I.V. had told him the sodomy happened in the kitchen rather than the living room of his grandfather's house. Bradford also testified that L.D. had told him the defendant grabbed L.D. and attempted unsuccessfully to commit sodomy.

The defense called several of defendant's other relatives and one unrelated person as alibi witnesses, all of whom said the defendant stayed somewhere other than I.V.'s grandfather's house the night of the alleged sodomy on I.V. In addition, the defendant denied all of the allegations made by I.V. and L.D.

After the defense rested, the State called I.V.'s 14-year-old sister as a rebuttal witness. She testified that the defendant had a conversation with her about where she was going to sleep on the night in question and that he slept in the living room of the grandfather's house with I.V. The defense objected to lack of notice of this testimony. During an ensuing bench conference, the prosecutor divulged that she became aware of the sister's ability to rebut the alibi defense a couple of days to a week before trial. Although this knowledge was not shared with the defense, the district judge overruled defense counsel's objection to admission of the sister's testimony.

The defendant did not request a jury instruction on the lesser included offense of attempted aggravated criminal sodomy.

### Lesser Included Offense

Defendant first argues the district court erred by failing to instruct the jury on the lesser included offense of attempted aggravated criminal sodomy, because two witnesses testified that I.V. said the defendant only "tried" to commit the crime. These witnesses were the older brother and the investigator who took I.V.'s initial statement. Because the defense did not object to the absence of the lesser included offense instruction, we must find that the

absence was "clearly erroneous" before Aldaba would be entitled to reversal on this issue. See K.S.A. 2000 Supp. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred." *State v. Henry*, 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Although I.V.'s version of what Aldaba did to him ultimately included a completed rather than an attempted sodomy, we agree that his inconsistent accounts could have supported conviction on the lesser included offense of attempt instead. We are not, however, firmly convinced that there is a real possibility the jury would have rendered a different verdict if the lesser included instruction had been given. Both I.V. and L.D. overcame their initial reluctance to tell the whole story, a reluctance jurors would regard as normal under the circumstances. Their testimony against defendant was graphic, more so than it would have been if the attempts at oral sodomy had been unsuccessful. The defendant is not entitled to reversal on this issue.

### Timeliness of Notice of K.S.A. 60-455 Evidence

Defendant argues the district court erred by allowing L.D. to testify to prior crimes under K.S.A. 60-455, asserting that the State's notice of its intention to use L.D. was untimely under local rule.

K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The district court found that the local notice rule was violated by 1 day but that no prejudice resulted. We review this decision for an abuse of discretion. Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

L.D. had been listed as a witness at the time the State filed the complaint, and the defense was given a copy of his pretrial statement. The initial report filed by Diaz stated that L.D. had said Aldaba did the same thing to him that he did to I.V., which, according to the record, is the most warning either side received of his trial testimony regarding an earlier completed act of sodomy. We see no abuse of discretion in the district judge's decision that a 1-day delay in the State's K.S.A. 60-455 motion was not fatal.

### Admission of Prior Crimes Evidence to Show Plan, Identity

Three requirements must be satisfied for evidence to be admitted under K.S.A. 60-455: The evidence must be relevant to prove one of the facts specified in the statute; the fact must be a disputed, material fact; and the probative value of the evidence must outweigh its potential prejudice. *State v. Tiffany*, 267 Kan. 495, 498, 986 P.2d 1064 (1999) (quoting *State v. Nunn*, 244 Kan. 207, 211, 768 P.2d 268 [1989]). "If the requirements for admission of evidence of prior crimes pursuant to K.S.A. 60-455 are met, the scope of appellate review is limited to whether the district court abused its discretion." *Tiffany*, 267 Kan. 495, Syl. ¶ 2.

Relying on *State v. Damewood*, 245 Kan. 676, 783 P.2d 1249 (1989), defendant first argues the admission of evidence of sexual misconduct between defendant and L.D. was improper to show plan because no direct or causal connections existed between the conduct with L.D. and the conduct with I.V., and sufficient evidence was not produced at trial to establish the similarity between the two incidents.

As in this case, the defendant in *Damewood* denied all allegations of sexual activity with the victim and argued on appeal that evidence he had engaged in similar acts with another victim was improperly admitted to show intent and plan. The *Damewood* court recognized two theories under which evidence could be admitted under 60-455 to show plan:

"In one the evidence, though unrelated to the crimes charged, is admitted to show the modus operandi or general method used by a defendant to perpetrate similar but totally unrelated crimes.

. . . .

"The rationale for admitting evidence of prior unrelated acts to show plan under K.S.A. 60-455 is that the method of committing the prior acts is so similar to that utilized in the case being tried that it is reasonable to conclude the same individual committed both acts. In such cases the evidence is admissible to show the plan or method of operation and conduct utilized by the defendant to accomplish the crimes or acts. [Citation omitted.]

"Another line of cases has held evidence of prior crimes or acts is admissible to show plan where there is some direct or causal connection between the prior conduct and the crimes charged." 245 Kan. at 681-82.

In *Damewood*, the court found the perpetrator's method in each incident "strikingly similar." Both victims were employed by defendant in his beekeeping operation; each was a young teenager; and the sexual acts that formed the basis of the charges were similar. 245 Kan. at 678-80.

More recently in *Tiffany*, the defendant was convicted of aggravated indecent liberties for making a 7-year-old girl masturbate him. At trial, the district court admitted K.S.A. 60-455 evidence that the defendant had engaged in similar acts of masturbation with other children, some of whom were close in age and the same gender as the victim at issue. That defendant, like Aldaba, also denied that the activity had ever occurred. The Kansas Supreme Court upheld the admission of the evidence, finding a "strikingly similar" method of operation. 267 Kan. at 500-02. Specifically, the court found it relevant that the defendant used similar words to entice the victims, that the victims were about the same age, and that the criminal conduct was performed in the same manner. 267 Kan. at 500.

As in *Damewood* and *Tiffany*, the children's accounts are "strikingly similar" here. Both I.V. and L.D. were young boys when they were molested. In both incidents the perpetrator forced his penis into the child's mouth. Both incidents were alleged to have occurred when the defendant was staying in the same residence with the victim overnight. Each victim was threatened with bodily harm if the abuse was revealed.

As Aldaba denied the sexual abuse occurred, all of the facts necessary to proving aggravated criminal sodomy were disputed, and evidence that defendant had committed the same act on I.V.'s 12-year-old cousin was relevant to prove his plan when targeting I.V.

The similar conduct in both cases is "a common approach that is tantamount to a plan." *Tiffany*, 267 Kan. at 502 (quoting *State v. Clements*, 252 Kan. 86, 90, 843 P.2d 679 [1992]).

Defendant also argues the prior crimes evidence was irrelevant to identity, because the State failed to establish a similarity between the crimes committed against L.D. and I.V.

"Where a prior conviction is offered for the purpose of proving identity, the evidence should disclose sufficient facts and circumstances of the offense to raise a reasonable inference that the defendant committed both crimes. [Citation omitted.] Similarity must be shown in order to establish relevancy. [Citation omitted.] It is not sufficient simply to show that the offenses were violations of the same or similar statutes; there should be some evidence of the underlying facts showing the manner in which the other offense was committed so as to raise a reasonable inference that the same person committed both offenses." [Citation omitted.] *State v. Lane*, 262 Kan. 373, 389, 940 P.2d 422 (1997).

In *Lane*, defendant was convicted of aggravated kidnapping, rape, and first-degree murder of a 9-year-old female who had disappeared while on an errand. The district court admitted evidence of defendant's prior conviction for the abduction, sexual assault, and murder of an 8-year-old girl to show, among other things, identity. On appeal, defendant argued the district court erred by admitting this evidence.

Our Supreme Court first noted that identity was a material fact in the death of the victim because the defendant testified that he was not involved in her death. The court went on to note the similarity in the deaths of both victims: They were both young females, had nearly identical weights, were abducted from residential areas and taken to rural areas, were physically and sexually assaulted and strangled, and were stripped of their panties. In each case, the defendant acted in concert with someone else. The court concluded that these similarities were sufficient to allow the admission of the prior conviction to show who had killed the victim. 262 Kan. at 389-90. We reach the same conclusion here.

We acknowledge that this evidence was highly prejudicial to the defendant's case. Such evidence always is. However, in light of defendant's total denial and the substantial similarity between the boys' accounts, we agree with the district judge that the probative

value of the evidence outweighed its prejudicial effect. In addition, the district court reduced the possible prejudice to the defendant by giving an appropriate limiting instruction. There was no abuse of discretion on this issue, and the resulting jury instruction was proper.

### Mistrial Based on Surprise Testimony

Defendant next argues the district court abused its discretion by failing to grant a mistrial when L.D. surprised everyone with his testimony of a completed sodomy perpetrated on him by Aldaba.

"A trial court may declare a mistrial if prejudicial conduct makes it impossible to proceed with the trial without injustice to either the prosecution or the defense. K.S.A. 22-3423(1)(c). A trial court's ruling on a motion for mistrial will not be disturbed absent a clear showing of abuse of discretion. The defendant has the burden of showing substantial prejudice before an appellate court will find an abuse of discretion. [Citation omitted.]" *State v. Rodriguez*, 269 Kan. 633, 640, 8 P.3d 712 (2000).

K.S.A. 60-445 provides:

"Except as in this article otherwise provided, the judge may in his or her discretion exclude evidence if he or she finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered."

The State's pretrial motion under K.S.A. 60-455 sought leave to introduce evidence only that Aldaba had inappropriately touched and attempted to commit sodomy on L.D., not that he had succeeded in doing so. There is no question that the defense was surprised at trial with the testimony of the completed act, although defense counsel waited for a break to lodge an objection and seek a mistrial. At that point, the prosecutor asserted that the testimony came as a surprise to her too, and the district judge noted that no one appeared to expect L.D. to testify as he did.

While L.D.'s testimony may have gone beyond what was outlined in the K.S.A. 60-455 motion, we do not believe the defendant has shown substantial prejudice as a result. The defense knew L.D. had made previous allegations of improper sexual conduct, and the nature of that conduct did not change. Further, defense counsel

was still able to point out inconsistencies in L.D.'s story on cross-examination, highlighting his failure to tell the police about the completed sodomy during a previous interview. The district judge's decision to deny the motion for mistrial was not an abuse of discretion.

### Notice of Alibi Rebuttal Witness

Defendant argues the district court committed reversible error by allowing the State to call I.V.'s 14-year-old sister to testify in opposition to his alibi, because the State violated the notice provision in K.S.A. 22-3218.

K.S.A. 22-3218(2) provides in relevant part:

"Within seven days after receipt of the names of defendant's proposed alibi witnesses, or within such other time as is ordered by the court, the prosecuting attorney shall file and serve upon the defendant or his counsel the names of the witnesses known to the prosecuting attorney which the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the case. Both the defendant and the prosecuting attorney shall be under a continuing duty to disclose promptly the names of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided by this section so that reciprocal discovery rights are afforded both parties."

Defense counsel filed a notice of alibi defense approximately 1 month before the commencement of trial. The State did not file a response. When defense counsel objected to the sister's testimony as a discovery violation at trial, the prosecutor admitted she had learned of the sister's ability to testify on this subject a couple of days to a week before trial. In addition, the prosecutor had already twice denied that she planned to call witnesses not already endorsed—once in response to the district judge's question about last-minute endorsements during a break from voir dire and once after voir dire had been concluded and before opening statements had begun.

On these facts, the State's violation of K.S.A. 22-3218 could hardly be more obvious. The prosecutor inexplicably passed up multiple opportunities to inform the court and opposing counsel of her intention to use I.V.'s sister to rebut Aldaba's alibi defense.

Our standard of review is well settled when the defense is the party that fails to abide by the notice provision in K.S.A. 22-3218.

In such cases, "[t]he exclusion of alibi testimony because of non-compliance with the notice requirements of K.S.A. 22-3218 is within the trial court's discretion." *State v. Claiborne*, 262 Kan. 416, 423, 940 P.2d 27 (1997). We see no reason that a different standard should govern our examination of the opposite situation—in which a district court has allowed testimony to rebut a defendant's alibi despite the State's failure to give the notice required by the statute.

In *Claiborne*, the defendant attempted to call an alibi witness without giving notice under K.S.A. 22-3218, arguing the State was nevertheless aware of the possible witness. The trial court excluded the evidence for failure to comply with the statute.

On appeal, Claiborne argued the trial court abused its discretion by failing to follow *State v. Bright*, 229 Kan. 185, 623 P.2d 917 (1981), which outlined the general factors a court should weigh when determining whether a witness previously undisclosed by a criminal defendant will be permitted to testify at trial. Under *Bright*, a court should consider: the reason the witness was not disclosed; when the witness became known to the defense; the trivial or substantial nature of the proposed testimony and the issue it addresses; the extent of the prejudice to the State and the importance of the witness to the defendant; the feasibility of a recess to ameliorate prejudice; and any other relevant facts. In addition, *Bright* urged courts to avoid imposing the severe sanction of disallowing the testimony if at all possible. That sanction "should be viewed as a last resort." 229 Kan. at 194. The *Claiborne* court noted that the *Bright* rationale applied when the undisclosed witness in question would testify in support of defendant's alibi. 262 Kan. at 424 (quoting *State v. Douglas*, 234 Kan. 605, 607-08, 675 P.2d 358 [1984]). It then concluded that the trial court did not abuse its discretion in excluding defendant's alibi witness.

As our standard of review goes, so goes our substantive analysis. We see no reason to alter the pattern set in *Bright* and *Claiborne* when the statutory violation has been committed by the State rather than the defense. Fairness dictates otherwise. Thus a district court's discretion to permit or exclude previously undisclosed alibi rebuttal testimony is limited by the *Bright* factors. Although it ap-

pears from the record here that the trial judge considered some of these factors, others were apparently ignored. We hold that this was an abuse of discretion.

Applying all of the *Bright* factors to this case, the prosecutor gave no reason for failing to abide by her continuing duty of disclosure under the statute. She admitted that she learned of the sister's ability to testify in opposition to Aldaba's alibi 2 days to a week before trial, yet she took no action before reaching the courtroom. Once there, she twice told the court in response to direct questions that she did not plan to use witnesses she had not previously disclosed. The sister's testimony was not trivial, in view of the youth of the only two other witnesses who placed Aldaba at the scene and the demonstrated inconsistencies in their stories. The potential prejudice to the defendant from the older sister's testimony was great and the issue addressed far from minor; without her testimony, the two boys were lined up against a parade of adults who uniformly testified that Aldaba slept elsewhere on the night in question. The record discloses no effort by the court to ameliorate the prejudice suffered by Aldaba with a continuance or recess to permit his counsel to conduct appropriate discovery. In spite of *Bright*'s admonition to avoid exclusion of testimony if possible, we conclude that the district court's abuse of discretion in failing to apply all of the *Bright* factors led it to erroneous admission here.

This does not end our inquiry, however. We may find even federal constitutional error harmless if we are willing to declare that it was harmless beyond a reasonable doubt or that it had little likelihood of having changed the result of the trial. *State v. Coyote*, 268 Kan. 726, 732, 1 P.3d 836 (2000). This error must be reviewed under this standard, because the discovery provisions of K.S.A. 22-3218 implicate Aldaba's Fourteenth Amendment due process rights. See *Talley v. State*, 222 Kan. 289, Syl. ¶¶ 1, 2, 564 P.2d 504 (1977).

Given I.V.'s and L.D.'s evident inconsistency and/or reluctance on several details of their testimony and the multiple related and unrelated witnesses testifying in favor of Aldaba's alibi, we believe the sister's testimony was potentially crucial. We cannot declare its

erroneous admission harmless beyond a reasonable doubt; under these circumstances, it had more than a little likelihood of changing the result. Reversal is required.

Given the analysis of the issues set forth above, we do not address Aldaba's final claim of cumulative error.

Reversed and remanded for further proceedings consistent with this opinion.