NOT DESIGNATED FOR PUBLICATION

No. 121,820

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENNY WILLIAM CLARK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Greenwood District Court; MICHAEL E. WARD, judge. Opinion filed November 25, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: As part of the plea agreement between the State and Benny William Clark, the parties made a joint recommendation to the district court for an upward departure sentence of 300 months in prison. The district court chose instead to sentence Clark to an upward departure sentence of 364 months. Clark now appeals his sentence, claiming the district court abused its discretion by mistakenly believing the parties had not taken into account Clark's eligibility for 15% good time credit when making their sentencing recommendation. Because we find the district court was aware the parties had contemplated the 15% good time credit when they made their sentencing

1

recommendation, the district court did not abuse its discretion when sentencing Clark to a longer term. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Clark was originally charged with first-degree murder and abuse of a child after the death of his six-month-old son. He subsequently entered into a plea agreement with the State in which he agreed to plead guilty to a lesser charge of second-degree murder and abuse of a child in exchange for the State not pursuing the first-degree murder charge. The parties also agreed to recommend that the sentences for each count run consecutive and to request an upward durational departure on the second-degree murder conviction for a total prison sentence of 300 months. Finally, Clark agreed to waive his right to have a jury find the existence of the aggravating factors and he stipulated to two aggravating factors: (1) The victim was particularly vulnerable due to age and (2) the offense involved a fiduciary relationship which existed between the defendant and the victim.

At sentencing, the district court found there was a factual basis for the two aggravating factors to which Clark had stipulated and those factors provided substantial and compelling reasons for an upward durational departure. After acknowledging the joint recommendation of an upward durational departure sentence to 300 months in prison, the district judge remarked that he believed the plea agreement did not take into account the good time credit Clark could earn while in prison. Thus, for Clark's second-degree murder conviction, the district court sentenced Clark to the aggravated sentence of 165 months in prison then departed upward to 330 months' imprisonment. The district court then sentenced Clark to 34 months' imprisonment for the abuse of a child conviction and ordered the sentences run consecutive for a cumulative sentence of 364 months in prison. The district court explained it was imposing that sentence because it

believed the facts and the law supported it and because, with the application of good time credit, Clark would end up serving close to 300 months in prison.

Clark now appeals his sentence.

## DID THE DISTRICT COURT ERR IN SENTENCING CLARK?

Before us, Clark only challenges the extent of the district court's upward durational departure sentence. Clark does not challenge his plea agreement or the State's actions in respect to that agreement. Clark does not challenge the district court's finding of two aggravated factors instead of a jury as he waived his right to having a jury make those findings. Nor does Clark challenge that the aggravating factors constitute substantial and compelling reasons justifying the upward durational departure. Finally, Clark does not allege his sentence violates the "double-double rule." See K.S.A. 2019 Supp. 21-6818(b)(2) ("When a sentencing judge departs in setting the duration of a presumptive term of imprisonment . . . the presumptive term of imprisonment set in such departure shall not total more than double the maximum duration of the presumptive imprisonment term.").

Instead, Clark argues the district court abused its discretion when it found the plea agreement did not contemplate Clark's eligibility for 15% good time credit and sentenced Clark to 364 months in prison instead of the jointly recommended 300 months. The State responds that K.S.A. 2019 Supp. 21-6820(d) only allows a party to challenge whether the district court's findings of fact and reasons justifying a departure are supported by evidence in the record and constitute substantial and compelling reasons to depart. The State argues Clark's stipulation to both the existence of two aggravating factors and that such factors constituted substantial and compelling reasons to justify the upward departure essentially vitiates Clark's appeal. The State also contends the district court acted within its discretion in sentencing Clark.

While we acknowledge the statutory limitations to appellate review of departure sentences, our Supreme Court has applied an abuse of discretion standard when reviewing the extent of a district court's departure sentence. See *State v. Favela*, 259 Kan. 215, 243, 911 P.2d 792 (1996) (reviewing extent of downward durational departure for abuse of discretion); see also *State v. Tiffany*, 267 Kan. 495, 506-07, 986 P.2d 1064 (1999) (applying *Favela* to upward durational departure); *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Court of Appeals duty bound to follow Supreme Court precedent). When reviewing under an abuse of discretion standard, "the question is whether the extent of the sentencing court's durational departure is consistent with the 'enacted purposes and principles of [the] sentencing guidelines' and 'proportionate to the severity of the crime of conviction and the offender's criminal history.'" *Favela*, 259 Kan. at 244. Judicial action is abused if that action is (1) one where no reasonable person would take the view adopted by the district court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). Clark bears the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A portion of the plea agreement called for Clark and the State to recommend consecutive sentences for each count and an upward durational departure for a total sentence of 300 months. At the sentencing hearing, both parties fulfilled their obligation under the plea agreement by jointly recommending a total sentence of 300 months in prison, including an upward durational departure sentence on the second-degree murder conviction from 165 months to 266 months. But it was at this point the district court decided not to follow the joint recommendation. Instead, the district court upwardly departed to a 330-month sentence for the second-degree murder conviction and sentenced Clark to a total of 364 months' imprisonment in an effort to make Clark's total time in prison, when a 15% good time credit was included, as close to 300 months as possible.

4

In Kansas, all plea negotiations are premised on the knowledge that any agreement is not binding on the district court. Thus, when a defendant agrees to plead guilty, a district court is not bound by a plea agreement's terms and can reach its own decision on whether to approve a negotiated charge or sentence recommendation. *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005). Because a plea agreement cannot bind the district court, the parties cannot be assured of a specific sentence, and both parties assume the risk that the district court will impose a different sentence than what was recommended in the plea agreement. 279 Kan. at 996. Instead, a district judge imposes a sentence "in the exercise of his or her best judgment, common sense, and judicial discretion, and considering all of the reports, the defendant's background, the facts of the case, and the public safety." *State v. Harrold*, 239 Kan. 645, 651, 722 P.2d 563 (1986).

Clark complains that the district court did not give him the 300-month sentence he negotiated with the State. But the district court was not bound to sentence him to 300 months. The district court had the discretion to sentence Clark anywhere within the appropriate grid box. Once Clark stipulated to the existence of two aggravating factors and such factors constituted substantial and compelling reasons to depart, the district court had the discretion to upwardly depart to any sentence it believed appropriate, so long as it did not violate the double-double rule. See K.S.A. 2019 Supp. 21-6818(b)(2). Clark does not take issue with the district court's authority to sentence him to 330 months for second-degree murder.

Instead, Clark argues the district court's decision to do so was an abuse of discretion because it incorrectly interpreted the plea agreement as not contemplating the application of good time credit. Clark alleges the district court committed a legal error when it concluded the parties did not consider good time credit when reaching their joint sentencing recommendation. Although Clark calls this an error of law, we see Clark's argument as alleging an error of fact because Clark is not claiming the district court made

5

a mistake regarding the law but a mistake involving the parties' negotiations—a factual question.

The record shows the district court was aware the plea agreement recommended a 300-month sentence and contemplated good time credit. The district court discussed good time credit with Clark at the plea hearing and informed Clark he would be eligible for up to 15% good time credit. And at sentencing, the district court asked the county attorney if good time credit would apply to the upward departure sentence. The county attorney's answer that it would apply shows the district court was aware the parties had considered good time credit.

The district court did not commit an error of fact when sentencing Clark. It imposed a greater sentence than the parties recommended because it believed the nature of the crime necessitated that Clark serve at least 300 months in prison and the joint sentencing recommendation coupled with good time credit did not guarantee that happening. We conclude a reasonable person could agree with the district court's reasoning. The district court did not abuse its discretion when sentencing Clark.

Affirmed.