NOT DESIGNATED FOR PUBLICATION

No. 115,199

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PERRY LEE ISLEY JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed September 29, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: "'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). Perry Isley Jr. appeals his convictions for sexual battery and aggravated sexual battery. Isley argues that K.S.A. 2016 Supp. 21-5505 requires that the defendant touch the victim and not vice versa. Based on this interpretation of the statute, Isley argues that there was insufficient evidence for a jury to convict him of sexual battery and aggravated sexual battery because the evidence presented at trial indicates that the victim touched Isley. Because

1

we find that there was sufficient evidence presented at trial, when viewed in a light most favorable to the State, that would allow a rational fact-finder to find Isley guilty, we affirm.

Isley also argues that there was insufficient evidence presented to show that if a crime occurred, that it occurred on the date charged. But the State orally moved to amend the complaint and jury instructions to reflect the evidence at trial. So this claim of error also fails.

FACTUAL AND PROCEDURAL HISTORY

Isley was charged with one count of aggravated criminal sodomy, stemming from an incident on or about November 16, 2011; one count of aggravated sexual battery, stemming from an incident on or about the week of October 26, 2011; and one count of aggravated sexual battery, stemming from an incident on or about the week of November 3, 2011. A jury ultimately convicted Isley of aggravated criminal sodomy, the lesser included offense of sexual battery, and aggravated sexual battery.

Over the course of a three-day jury trial, the State presented evidence that M.M. first met Isley when M.M. arrived as a patient at Sexual Predator Treatment Program (SPTP) in October 2011. Isley, another patient in the program, offered him favors, including food, Kool-Aid, and a desk. M.M. told Isley that he had nothing to offer him. A couple of days later, Isley approached M.M. in M.M.'s room, saying that he wanted sex in return for the food he had given M.M. Isley entered M.M.'s room and kissed him. M.M. did not kiss Isley back. Within a week of M.M. entering SPTP, Isley asked M.M. for manual stimulation of his genitalia. M.M. testified that he did not want to do it, but that he was cornered in his room. Ultimately, M.M. manually stimulated Isley to ejaculation. M.M. stated that he felt threatened by Isley, describing him as a "straight up predator."

2

On a second occasion, around November 15, 2011, Isley again came to M.M.'s room and requested manual stimulation. M.M. testified that he did not want to manually stimulate Isley, but that he complied.

On November 16, 2011, Isley came into M.M.'s room and told M.M. that he owed him four sexual favors. M.M. told Isley that it was not going to happen. Isley became verbally aggressive, pushed M.M. onto his bed, and penetrated M.M.'s anus with his penis.

On November 17, 2011, M.M. reported, during an intake interview with Alena Lopez, that he had been anally raped the previous day. After reporting the November 16 incident, M.M. agreed to a rape kit and examination. M.M. spoke with Marcina Doze, who was the director of the Sexual Assault Nurse Examiner program at Hays Medical Center on November 17, 2011. While speaking with Doze, M.M. reported the two manual stimulation incidents. M.M. reported to Doze that the second manual stimulation occurred on November 15, 2011.

Before the close of the State's case, the State made an oral motion to amend the complaint to state that the second event occurred on or about November 15, 2011. The court granted the motion and the jury instructions reflected the change.

After the close of the State's case, Isley moved for a directed verdict on all counts. As to the two aggravated sexual battery counts, Isley argued that K.S.A. 2011 Supp. 21-5505 requires a defendant to touch the victim with the intent to arouse or satisfy the sexual desires of the offender or another and, for aggravated sexual battery, there must be such a touching accompanied by force or fear. Isley contended that the evidence presented did not support a finding by the jury of force or fear and that there was no evidence presented that Isley touched M.M. The court reserved decision on the force or fear and touching arguments. Isley rested without presenting any evidence. In closing

3

argument, Isley asserted that the contact between Isley and M.M. was consensual. After the jury returned with a verdict, the court denied the motion for directed verdict/acquittal on the aggravated sexual battery and sexual battery convictions.

Isley timely appeals his convictions for aggravated sexual battery and sexual battery.

ANALYSIS

*The district court did not abuse its discretion in granting the State's oral motion to amend the date of the complaint to conform to the evidence.*

Isley first argues that there is insufficient evidence to convict him of aggravated sexual battery because there was insufficient evidence to show that a crime occurred on November 3, 2015. However this argument is unpersuasive. Under K.S.A. 22-3201(e) "[t]he court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." The standard of review for the amending of the complaint is an abuse of discretion. *State v. Calderon-Aparicio*, 44 Kan. App. 2d 830, 847-48, 242 P.3d 1197 (2010).

In this case, the State made an oral motion to amend one of the aggravated sexual battery charges, count 3 of the complaint, by changing the date from November 3, 2011, to November 15, 2011, to conform to the evidence presented at trial. The court granted the motion. The amendment did not charge any additional or different crime, instead it only changed the date of count 3. The jury instructions read to the jury conformed to the change. Under these facts the court did not abuse its discretion.

4

*The convictions of sexual battery and aggravated sexual battery do not require the defendant to touch the victim in a particular way, as long as an unwanted touching of the victim occurs that is meant to arouse the offender or another.*

Next, Isley argues that he could not have been found guilty of sexual battery or aggravated sexual battery because there was no testimony that he touched M.M. He argues that K.S.A. 2016 Supp. 21-5505(a) and (b) are not satisfied when the victim is the one who touches the defendant. This raises a question of statutory construction.

*Standard of Review*

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Hall*, 298 Kan. 978, 982-83, 319 P.3d 506 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). As a general rule, criminal statutes are strictly construed in favor of the accused. That rule is constrained by the rule that the interpretation of the statute must be reasonable and sensible to effect the legislative design and intent of the law. 303 Kan. at 813. The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016).

*Discussion*

"Sexual battery is the touching of a victim who is not the spouse of the offender, who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another." K.S.A. 2016 Supp. 21-

5505(a). Aggravated sexual battery requires essentially the same elements as sexual battery, plus an additional finding of the victim being overcome by force or fear. K.S.A. 2016 Supp. 21-5505(b)(1).

At issue in this case is the definition of the term "touching" in the statute. Webster's defines "touch" as: "to bring a bodily part into contact with esp[ecially] so as to perceive through the tactile sense." Webster's Ninth New Collegiate Dictionary 1246 (1991). Kansas courts have held sexual battery does not require a defendant to touch the sexual organs of a victim. See *State v. Clements*, 252 Kan. 86, 90, 843 P.2d 679 (1992) (noting that a backrub, in context, could constitute sexual battery). In an unpublished opinion, this court has held that K.S.A. 21-3517 (now K.S.A. 2016 Supp. 21-5505) only requires the defendant touch the victim without consent and with the intent to arouse. *State v. Newman*, No. 95,330, 2007 WL 2301907, at *1 (Kan. App. 2007) (unpublished opinion).

Likewise, there is no requirement regarding which part of the body does the touching. In this case, an unwanted touching occurred. Isley purposefully and deliberately caused his body part, his penis, to come into contact with M.M.'s hand for Isley's own tactile enjoyment. This touching occurred with the intent to arouse or satisfy the sexual desires of Isley. M.M. testified that this touching was unwanted. The fact that M.M. may have also touched Isley's penis, albeit under coercion or force or fear, is irrelevant to the equation. Accordingly, we reject Isley's creative interpretation of K.S.A. 2016 Supp. 21-5505.

*There was sufficient evidence to find Isley guilty of sexual battery and aggravated sexual battery.*

Finally, Isley argues that there was insufficient evidence for the jury to find him guilty of sexual battery and aggravated sexual battery. Although his contention is

6

generally related to his unsuccessful position that he cannot be found guilty when the victim touched him, we will also conduct a standard sufficiency of the evidence review since he also frames his argument in those terms.

*Standard of Review*

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *Rosa*, 304 Kan. at 432-33.

"'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

*Sexual Battery*

Isley was charged with aggravated sexual battery that occurred on or around the week of October 26, 2011. In this case, there is sufficient evidence to support that Isley touched M.M. in an unwanted manner, with the intent to arouse Isley's own sexual desires. Within five days of M.M.'s arrival, Isley had kissed M.M. Shortly thereafter, Isley entered M.M.'s room and asked for manual stimulation. M.M. testified that he did not want to, but that he was cornered in his room. M.M. testified that he felt threatened and complied with Isley's request. This would have required Isley's penis to touch M.M., something M.M. did not want to happen. The jury ultimately found Isley guilty of sexual

7

battery. When viewed in a light most favorable to the State, there was sufficient evidence for a rational jury to have found Isley guilty of sexual battery.

*Aggravated sexual battery*

Isley was convicted of aggravated sexual battery that occurred on or around November 15, 2011. There was sufficient evidence presented that would support that Isley touched M.M. on that date. M.M. testified that Isley entered M.M.'s room around November 15, 2011, and asked M.M. to manually stimulate him. M.M. testified that he did not want to do it, but he complied. M.M. also testified that he was scared of Isley and had described him as a "straight up predator." Such evidence, when viewed in the light most favorable to the State, supports a finding that M.M. complied out of fear.

Moreover, as corroboration, M.M. reported the two manual stimulation incidents to Doze. Doze testified that M.M. had reported the second manual stimulation as occurring on November 15th. Doze took notes of M.M.'s statements and responses in her report. In Doze's report, she stated that M.M. said "[Isley] came to my cell a couple of times for a 'hand job'—I hate that. He has made me do that 2 times." When viewed in a light most favorable to the State, there was sufficient evidence for a rational jury to have found Isley guilty of aggravated sexual battery.

Affirmed.